148 So. 23

**CHAUVIN v. LOUISIANA POWER & LIGHT CO. et al.**

No. 31734.

March 27, 1933.

Rehearing Denied May 1, 1933.

Dart & Dart and Leo L. Dubourg, all of New Orleans, for appellant.

John May, of New Orleans, and Ráy D. Magruder, of Amite, for appellees.

Henry & Cooper and James G. Schillin, all of New Orleans, amici curiæ.

ODOM, Justice.

This is an action brought by plaintiff against defendant to recover damages for the death of her son, who is alleged to have been electrocuted on October 8, 1930, through the gross fault and negligence of defendant's agents and employees. At the time of his death, plaintiff's son was an employee of the E-Z Opener Bag Company, and plaintiff sued for and obtained judgment for compensation under the Workmen's Compensation Acts. See Mrs. Marie Chauvin v. American Mutual Liability Insurance Co., 17 La. App. 187, 134 So. 450.

Defendant excepted to plaintiff's petition in this case on the ground that it set out no cause of action. The basis of the exception is that the petition affirmatively shows that plaintiff had, previous to the bringing of this action, sought and obtained compensation under the Workmen's Compensation Acts of the state, and, having elected to claim compensation under those acts, her election is final and excludes remedy by suit against a third party as tort-feasor. In sum, defendant's contention is that the rights and remedies granted by the Workmen's Compensation Statutes of the state to an employee to

obtain compensation from his employer on account of injuries received while performing services arising out of and incidental to his employment and in the course of his employer's trade or business exclude all other rights and remedies of such employee, his personal representatives or dependents.

As against this contention, plaintiff invokes the provisions of section 7, Act No. 20 of 1914 (Workmen's Compensation Law), as finally amended by Act No. 247 of 1920, which act as finally amended specifically provides that, when an injury for which compensation is payable under the act shall have been sustained under circumstances creating in some person other than the employer a legal liability to pay damages in respect thereto, the injured employee may claim compensation, and:

"The payment or award of compensation hereunder shall not affect the claim or right of action of such injured employee or his dependent against such third person, nor be regarded as establishing a measure of damages for such injury; and such injured employee or his dependent may obtain damages from or proceed at law against such third person to recover damages for such injury."

The provisions of this act (No. 247 of 1920) are specific, clear, and without ambiguity. Under it, an injured employee may proceed against and obtain from his employer compensation and also proceed against and recover damages from a third person through whose fault the injury and damage arose.

The defendant concedes this. But coupled with, and as part of, its exception of no cause of action, it alleged that Act No. 247 of 1920—

"Is unconstitutional, null and void, in that said act embraces more than one object, and in that its title is not indicative of such object, all in violation of section 16 of article 3 of the Constitution of Louisiana of 1921 and that therefore the petition herein discloses no right or cause of action."

The exception of no cause and no right of action was sustained by the trial court, and plaintiff's suit was dismissed. From this judgment, plaintiff appealed.

1. The only question here presented is whether Act No. 247 of 1920 is constitutional. This act amends certain sections of Act No. 20 of 1914, among them being section 7, and, as this is the only section of the act here involved, we shall omit reference to the other sections amended.

The title of the act of 1920, in so far as the same need be quoted, reads as follows:

"An Act To amend and re-enact Section 7, (as amended and re-enacted by Act No. 38 of 1918) * * * of Act No. 20 of the General Assembly of the State of Louisiana for the year 1914, approved June 18, 1914, which Act * * * is entitled 'An Act [here is quoted in full the title of the original Act 20 of 1914].' "

Section 1 of the act of 1920, in so far as the same need be quoted, reads as follows:

"Be it enacted, by the General Assembly of the State of Louisiana, That Section 7 (as amended and re-enacted by Act No. 38 of 1918) * * * of Act No. 20 of the General Assembly of the State of Louisiana for the year 1914, approved June 18, 1914, which Act No. 20 of 1914 is entitled 'An Act [here the title of the original Act is quoted in full]],'

be amended and re-enacted so as to read as follows."

Therefore the title of the amending act is a repetition of the title of the original act. The contention here made is that the amending act goes beyond its title, in that it contains subjects and matters not suggested by or in anywise germane thereto, and, furthermore, that it is new or additional legislation not contained in the original act, and that it seriously affects the rights of third persons. It is seriously contended that the act as amended materially changes the tort law of the state as set forth in article 2315 of the Civil Code, and all this without there being any suggestion, direct or remote, in the title that the act was intended to change existing laws or affect the rights and obligations of third persons thereunder.

Pretermitting a discussion of the purpose of the Workmen's Compensation Law, which has been stated over and over again by text-writers and in decisions of this and other courts, it need only be said here that, unless the act which defendant contends is unconstitutional does in fact so change the law as to affect materially the rights of third persons, it is not amenable to the objections here raised. Defendant does not contend that the law is unconstitutional in so far as it regulates the rights and obligations of the employee and employer as between themselves. The burden of counsel's argument throughout is that, while the purpose of the original Compensation Act was to regulate the rights, duties, and obligations of employees and employers as between themselves, as indicated by the title, section 7 of the original act, as amended by Act No. 247 of 1920, goes beyond the indicated purpose of the act, as stated in the title, and injects matter altogether foreign to those purposes.

2. Section 7 of the original Compensation Act (Act No. 20 of 1914) provides:

"That when an injury for which compensation is payable under this act shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee [or his dependent] may, at his option, either claim compensation under this act or obtain damages from or proceed at law against such other person to recover damages."

One of the purposes of inserting section 7 into the act was to make it clear that, in making provision for the payment of compensation by an employer to his injured employee, it was not intended to take from the injured employee his legal right to pursue a third person through whose fault he was injured. This section of the act recognizes the right of the person injured to proceed at law for damages from third persons for his injuries. Under this provision the injured employee's right against such third person and the obligations of the third person toward him were not affected in the slightest. These respective rights and obligations remained after the passage of the act as they were before.

3. Article 2315 of the Civil Code is our tort law. It provides that:

"Every act whatever of man that causes damages to another, obliges him by whose fault it happened to repair it."

The liability of one who through his own fault causes injury to another is fixed by this

law. His negligent act condemns him. And the fact that the party injured is an employee of another who, under a special statute, is obliged to compensate him to the extent and in the manner prescribed by such special statute and as agreed between the employee and the employer, does not change the duties and obligations of the one committing the tort. The contractual relationship between the employer and his employee who is injured and damaged through the fault of a third person has nothing whatever to do with the injured employee's right to recover from the third person through whose fault he was damaged.

It was not intended by the lawmakers in adopting Act No. 20 of 1914 to abridge the right of an employee to claim damages from a third person through whose fault he was injured, and the act did not in fact do so. That is shown by section 7 of the act, which in specific terms recognizes the employee's right to proceed by action at law against such third person.

No reasons have been suggested, and we can think of none, why this particular provision of the original act should be stricken with nullity.

Section 7 of the act, however, goes further. But the remaining portions of it relate solely to matters affecting the obligations and rights of the employer and the employee as between themselves. It is provided that, if compensation is claimed by the employee under the act, the employer having paid or having become liable to pay compensation "shall be subrogated to the rights of the injured employee or his dependent, to recover against that person (meaning the third person through whose fault the damage was sustained) and may compromise the claim therefor in his discretion."

Under this provision of the act, the employer who has made settlement of his liability under the law is legally subrogated to the rights of the employee to his action against the third party. In this respect the law has done what the parties themselves could have done by convention. City of Shreveport v. Southwestern Gas & Electric Co., 145 La. 680, 82 So. 785.

The same section of the original act provides that in case the employer, who is, for the above reason, subrogated to the rights of the employee, "shall recover from such other person damages in excess of the compensation already paid, or awarded to be paid under this act, then any such excess shall be paid to the injured employee or his dependents, less the employer's legitimate and reasonable expenses and costs of the action, which payment shall be credited upon the balance of compensation, if any, that may become due thereafter."

These latter provisions of this section of the act affect only the employer and the employee, and relate to the method for payments of compensation, one of the objects mentioned in the title.

Aside from that portion of section 7 of the original act which merely recognizes the injured employee's right to proceed against the third person to recover damages, a right which he always had, and which it was not intended to take from him, there is nothing which does not come within the object and purpose of the act as expressed in its title.

This seems to be conceded, and it is not suggested that the reservation or recognition of the employee's right to proceed against a third person renders the act void.

The questions then arise whether the provisions of Act No. 247 of 1920, which amends that section without amending or enlarging the title, are included within the objects and purposes of the act as expressed in its title.

If the amending act does not in fact make radical changes in the original act, if it is not new legislation which goes beyond the scope and object of the act as expressed in the title, there is no more reason for saying that the amending act is unconstitutional than there is for saying the same about the former.

Act No. 247 of 1920, which amends section 7 of the original act (as amended by Act No. 38 of 1918), reads as follows:

"Section 7. 1. Be it further enacted, etc., That when an injury for which compensation is payable under this Act shall have been sustained under circumstances creating in some other person (in this Section referred to as third person) than the employer a legal liability to pay damages in respect thereto, the injured employee or his dependent may claim compensation under this Act; and the payment or award of compensation hereunder shall not affect the claim or right of action of such injured employee or his dependent against such third person, nor be regarded as establishing a measure of damages for such injury; and such injured employee or his dependent may obtain damages from or proceed at law against such third person to recover damages for such injury.

"2. Any employer having paid or having become obligated to pay compensation under the provisions of this Act may bring suit against such third person to recover any amount which he has paid or become obligated to pay as compensation to any injured employee or his dependent; provided, that if either such employee or his dependent, or such employer, shall bring suit against such third person, he shall forthwith notify the other in writing of such fact and of the name of the Court in which such suit is filed, and such other may intervene as party plaintiff in such suit.

"3. In the event that such employer or such employee or his dependent shall become party plaintiff in such suit and any damages are recovered, such damages shall be so apportioned in the judgment that the claim of the employer for the compensation actually paid shall take precedence over that of the injured employee or his dependent; and if the damage shall not be sufficient or shall only be sufficient to reimburse the employer for the compensation which he has actually paid, with a reasonable attorney's fee, to be fixed by the Court rendering the judgment, and his costs, such damages shall be assessed solely in his favor; but if the damages shall be more than sufficient to so reimburse the employer, the excess shall be assessed in favor of the injured employee or his dependent; and upon payment thereof to the employee or his dependent the liability of the employer for compensation shall cease for such part of the compensation due hereunder, computed at six per centum per annum, as shall be satisfied by such payment.

"4. No compromise with such third person by either the employer or the injured employee or his dependent shall be binding upon or affect the rights of the other unless assented to by him."

The specific objections urged against the validity of this act are:

(1) That it is new legislation, in that it gives to the injured employee the right, not only to collect compensation, but to proceed at law against a third person to collect damages.

(2) That it injuriously affects the rights and obligations of third persons.

(3) That it creates an elaborate form of procedure totally foreign to the original act.

(4) That it amends article 2315 of the Civil Code by changing the prescriptive period for bringing tort actions.

As the first two objections are interrelated, we discuss them together. The amending act, like the original, provides that, when an injury for which compensation may be claimed is sustained under circumstances creating in some person other than the employer a legal liability to pay damages in respect thereto, the injured employee or his dependent may claim compensation under the act. This makes no change in the original act.

The act further provides that the payment or award of compensation "shall not affect the claim or right of action of such injured employee or his dependent against such third person nor be regarded as a measure of damage for such injury; and such injured employee may obtain damages from or proceed at law against such third person to recover damages for such injury."

Under this act, the injured employee may proceed personally against the employer for compensation, and may also proceed personally against the third person for damages. It is contended that this is new legislation, in that it creates a right of action in favor of the employee against the third person, whereas he had none such under the old law.

Under the old law, the injured employee did not forfeit his right to claim and receive damages from the third person. On the contrary, it was especially provided that in case the employer, who by the terms of the act became subrogated to the rights of the employee to proceed against the third person upon his paying compensation, should "recover from such other person damages in excess of the compensation already paid or awarded to be paid under this act, then such excess shall be paid to the injured employee or his dependent."

The very fact that under the old law the employer, the subrogee of the employee, could proceed against the third person for damages, shows that it was not intended by that law to take away from the injured employee his right to receive damages from the third person whose negligence caused his injury. The only material difference between the old law and the new is that under the old law the right to collect the damage had to be exercised through the employer, the subrogee of the claim, whereas, under the law as amended, the right may be exercised by the injured employee personally.

The old law in terms authorized the employer as subrogee to bring suit against the third person, not alone for the amount which had been paid to the employee, but for the

full amount of the damage, with the provision that, if more was obtained than had been or was to be paid the employee, then the excess was to be paid to him.

In City of Shreveport v. Southwestern Gas & Electric Co., 145 La. 680, 82 So. 785, 788, the suit was based upon a conventional subrogation to the city of the rights and claims of the widow and heir of the deceased, whose death had been caused by the negligence of a third party, the defendant in the case. While the suit was brought by the city, employer of the deceased, as subrogee, the court viewed the action as a suit brought by the widow for herself and heirs. The court said:

"In authorizing the city to sue the electric company for the amount due her and her child as damages, Mrs. Hilburn was beginning a lawsuit; she was not putting an end to one," etc.

In that case it was held that, although the city, the employer of the deceased, had settled in full the claim of the widow under the old Compensation Law, she could still pursue the third person for damages by subrogating the employer to her claim. While that case involved a conventional subrogation, the same principle would have applied had the subrogation taken place under the law.

In Lowe v. Railroad Co., 150 La. 29, 90 So. 429, a case coming under the provisions of the old law, it was said by the organ of the court on original hearing that the injured employee might collect compensation from his employer, and also personally bring action against the third person. That case has been criticized, and with some show of reason, but, under the conclusion which we have reached with reference to the amending act, we neither reaffirm nor overrule it. What we here hold is that, under the old law, the injured employee did not, by accepting compensation from his employer, forfeit his right to claim and receive such damages as he may have sustained through the fault and negligence of a third person. If counsel for defendant be correct in his contention that under the original law the injured employee could not proceed personally against such third person for damages after accepting compensation, the fact remains that he could collect and receive damages by proceeding through his employer as subrogee. The only difference, therefore, between the old and the new law in this respect is in the method of procedure or the manner in which the remedy is to be exercised.

Coming now to the contention made by counsel for defendant that the amending act changes or affects the rights and obligations of third persons, our conclusion is that it does not. The duties and obligations of persons who through their fault injure others to respond to the injured person in damages is fixed by article 2315 of the Civil Code. The fact that the injured person is an employee of another does not affect these obligations. Whether the response is to be made through an action brought by the employee or by his employer as subrogee affects neither his rights nor his obligations.

Paragraph 4 of the amending act provides that no compromise with such third person by either the employer or the employee shall be binding upon or affect the rights of the other unless assented to by him. In other words, if a compromise is made of the claim, it must.

be assented to by both. The evident purpose of this provision is to regulate the rights of the employer and employee as between themselves to the claim for damages against the third person. It was not intended to affect the rights of the third party. The argument is made that, if a person injure another, he could not safely settle the claim of the injured person without first ascertaining whether the injured person was employed by another, and, if so, whether the injury was sustained while the employee was acting within the course of his employment. The argument is exceedingly far-fetched. The Legislature did not intend by this provision to prohibit a person who injures another from making settlement with the injured party, if he had no notice whatever that some other person had an interest in the claim.

■ It is next complained that the amending act creates an elaborate form of procedure totally foreign to the former act. The only form of procedure found in the amending act which is not found in the original relates exclusively to the method or manner of settlement of the claim for damages as between the employer and employee with which the third person has no concern. Furthermore, one of the objects of the act as expressed in its title was to regulate the procedure for settlement of liability and claims between the employer and employee. We do not find the act objectionable for this reason.

■ Finally, it is urged that the act amends article 2315 of the Civil Code by changing the prescriptive period for bringing tort actions, and thereby injuriously affects the rights of third persons.

As to the question of prescription, it is pointed out that the act provides that an employer "having paid or having become obligated to pay compensation under the provisions of this act may bring suit against such third person to recover any amount which he has paid or become obligated to pay as compensation."

From this it is argued that an employer might pay to his injured employee weekly compensation for the maximum period of four hundred weeks as provided in the act, or nearly eight years, and at the end of that time proceed against the third person by action in tort for the recovery of damages, whereas, under article 2315 of the Code, tort actions must be brought within one year from the date of the injury.

The intent and purpose of this enactment was, and its effect is, to permit the employer who pays his injured employee compensation on account of an injury caused by the negligence of a third person to become a party plaintiff in a tort action against such third person for the amount so paid or which he is obligated to pay. By paying the compensation, or becoming obligated to pay it, the employer succeeds to the right of action which the law gives to the injured employee. Paragraph 3 of section 7 of the act, as amended, provides that, in the event "such employer or such employee or his dependent shall become party plaintiff in such suit and any damages are recovered, such damages shall be so apportioned in the judgment that the claim of the employer for the compensation actually paid shall take precedence over that of the injured employee; * * * and if the damage shall not be sufficient or shall

only be sufficient to reimburse the employer for the compensation which he has actually paid * * * such damages shall be assessed solely in his favor."

The employer paying the compensation has the same, but no greater, rights than the employee, and his action is necessarily subject to the same limitations. Such action as may be brought by the employer against the third person is one in tort and is prescribed in one year under the general law. Foster & Glassell Co. v. Knight Bros., 152 La. 596, 93 So. 913.

In the recent case of Southern Hide Co. v. Best et al., 176 La. 347, 145 So. 682, 683, speaking of article 31 of the Constitution of 1913, which provides that, "Every law enacted by the General Assembly shall embrace but one object, and that shall be expressed in its title," we said:

"It is not the purpose of this article to require that the title be an index to the contents of the act, or that every end and means convenient or necessary for the accomplishment of the general object of the act be set out at length in the title, but it is deemed sufficient, under the article, that the act contain but one object and that the object be fairly stated, although it be expressed in general terms, in the title of the act. All things proper or necessary to carry out the general object, so stated in the title, are deemed to be within the scope of the title. Thornhill v. Wear, 131 La. 479, 59 So. 909; State v. Hincy, 130 La. 620, 58 So. 411; Succession of Lanzetti, 9 La. Ann. 329."

The principle announced in that case applies here. The act is constitutional.

For the reasons assigned, the judgment appealed from is reversed, and the exception of no cause of action is overruled. It is ordered that this case be reinstated on the docket of the civil district court, parish of Orleans, division D, to be further proceeded with according to law. Costs of this appeal to be paid by appellee.