HIGGINS, Justice.
 

 Plaintiff, an insurance company, claiming to be a statutory subrogee and a conventional assignee, brought this action against the defendants, an alleged tort-feasor and his insurance carrier, in solido, to recover damages for the wrongful death of an employee in the sum of $5,050, representing the amount of compensation paid by the plaintiff, and the balance for which it was liable, to the widow
 
 *298
 
 and minor child of the deceased employee, who was covei’ed by a policy of compensation insurance issued by the plaintiff. .
 

 The petition alleges that the deceased was killed while riding as a guest in the defendant’s automobile on the public highway near Bunkie, La., and that his death was due to the negligence of the defendant in failing to keep his car under proper control, neglecting to maintain an adequate lookout, and driving at a fast, unsafe, and reckless rate of speed on a slippery road, while the atmosphere was foggy axxd misty.
 

 Defendant, driver and owner of the automobile, denied that he was in any way at fault in causing, the accident, and averred that it was unavoidable, and, in the alternative, specially pleaded contributory negligence on the ground that, the deceased failed to protest against the manner in which he was driving the automobile at the time of the fatal accident. He also specially pleaded that the plaintiff had erroneously paid the alleged compensation, as it was not liable therefor. The defendant insurer interposed the same defenses. .
 

 There was judgment in favor of the defendants, dismissing the plaintiff’s suit, and it has appealed to this court.
 

 When the ease was called for argument here, we ex proprio motu raised the question as to the jurisdiction of this court ratione materise.
 

 The relevant part of section 10 of article 7 of the Constitution of Louisiana, adopted in 1921, reads as follows:
 

 “The Supreme Court shall have control of, and general supervision over all inferior courts and shall have further jurisdiction as follows: * * *
 

 “It shall have appellate jurisdiction in civil suits where the amount in dispute or the fund to be distributed, ixTespective of the amount therein claimed, shall exceed two thousand dollars exclusive of interest, except in suits for damages for physical injuries to, or for the death of a person, or for other damages sustained by such person or his heirs or legal representatives, arising out of the same circumstances; nor shall such appellate jurisdiction extend to any suit for compensation under any State or Federal Workmen’s compensation law, or employer’s liability act; provided, that appeals propei'ly granted to the Supreme Court, in such excepted cases, prior to the adoption of this Constitution, shall be finally disposed of by said court.”
 

 The above-excepted suits are placed under the jurisdiction of the Courts of Appeal of Louisiana. Constitution 1921, art. 7, § 29.
 

 It appears that the plaintiff has regularly paid the amount of the weekly compensation awarded to the widow and minor child of the deceased by the Industrial Board of Indiana; the compensation proceeding having been instituted in the state of Indiana. Plaintiff asserts that under the Workmen’s Compensation Statute of that state, Acts 1929, c. 172, pp. 537, 540, 5.66, §§ 13 and 73 thereof, the employer or his insurer are subrogated — up to the amount of the compensation they are liable for — to the rights of the insured employee or the deceased employee’s dependents, against third parties who negligently injured or cause the death of the employee. We have similar provisions in our compensation statute. Section 7, Act No. 20 of 1914, as amend
 
 *300
 
 ed by Act No. 247 of 1920, § 1, and sections 24, 25 and 26. After paying tbe widow and the minor child the accrued compensation, the plaintiff took a conventional assignment of their rights against the defendants, as a result of the injuries and death of her husband, to the extent of $5,050, the amount of compensation awarded by the Industrial Board.
 

 The rights of the plaintiff as statutory subrogee and conventional assignee of the claims of the widow and minor child against the alleged tort-feasor and his insurance carrier are the same as the rights of the widow and the minor child against the defendants; i. e., the right to claim damages for the alleged negligent killing of the deceased. It is clear that, if the widow in behalf of herself and as tutrix of her minor child had brought this suit against the defendants, in the event of an appeal, the Court of Appeal for the Second Circuit of this state would have had jurisdiction, because of the plain provisions of the constitution.
 

 It is also clear that, if the widow, individually, and as natural tutrix of the minor child, and the employer of deceased or the employer’s insurance carrier, had jointly brought this suit, the Court of Appeal, Second Circuit, would have had jurisdiction of the appeal, under the above quoted and referred to provisions of the Constitution. Surely it could not be said that the widow and minor child would have to appeal from an adverse or unsatisfactory judgment to the Court of Appeal, whereas the compensation insurance carrier, as subrogtee and assignee, would be required to appeal to this court. That would, indeed, be an anomalous result when the rights asserted by the joint plaintiffs against the defendants are the same. If it be held that the widow and minor are asserting a tort action for damages for the death of deceased and must appeal to the Court of Appeal, whereas the employer or his insurance carrier, as subrogee and assignee, is bringing an action ex contractu on the subrogation and assignment, and must appeal to this court, what court would the defendants appeal to, the Court of Appeal or this court, or both courts? It is easy to see the confusion that would result from such a construction of the provisions of the Constitution in question.
 

 Does the fact that the plaintiff insurance carrier alone is claiming as statutory subrogee and conventional assignee of the rights of the widow and minor child to their claims against the defendants give this court, and not the Court of Appeal of the Second Circuit, jurisdiction of this appeal? This is unquestionably an action ex delicto. Plaintiff’s rights, if any, to recover damages from the defendants, are based upon the same or identical grounds as the widow’s and minor child’s. In other words, neither of these parties can recover from the defendants unless it can be shown that the defendant, owner and driver of the automobile, was at fault in causing the accident This is a suit for damages for the death of an employee allegedly killed through defendant’s negligence, and, therefore purely and simply a tort action. The mere fact that the plaintiff is indirectly asserting the tort action as a statutory subrogee and conventional assignee does not make this an action ex contractu. The subrogation and assignment are merely incidental to the main demand.
 

 
 *302
 
 In the argument at bar, counsel for both •sides stated that they were of the opinion that this court had jurisdiction, and referred -us to Quatray v. Wicker, 178 La. 289, 151 So. 208. That was a suit by the plaintiff against the defendants and their insurance carriers, in solido, to recover damages for personal injuries and medical expenses alleged to have resulted from the joint negligence of the drivers of two motor vehicles which ■collided and caused the injuries complained of. The trial court rendered judgment in favor of the plaintiff against one of the drivers and his insurer, and dismissed the suit as to the other driver and his insurer. The plaintiff, as well as the defendants, who were condemned, appealed. The appellate court amended the judgment and entered a decree ■condemning all the defendants, in solido, as .joint tort-feasors. After the judgment became final, the insurance carrier of one of the ■drivers paid the judgment in full to the plaintiff and took a conventional assignment and subrogation in the form of a sale of the judgment from him. The insurer then filed a motion, together with the assignment in the low-er court, and caused, a writ of fieri facias to issue against the other defendants. They pe-titioned the court for an injunction to restrain the execution of the writ of fieri facias. The trial court rendered judgment issuing the injunction as prayed for, and an appeal was taken therefrom to this court. We held that the insurance company had no greater right than its insured, a joint tort-feasor, and therefore could not compel the other joint tort-feasor and his insurance carrier to pay the whole of the judgment under the assignment, in the form of an act of sale, but was entitled to compel the other tort-feasor and his insurance carrier to contribute half the amount paid in settlement of the judgment.
 

 It is clear that the insurance carrier’s alleged rights were being asserted solely and only under the conventional assignment. It was therefore an action ex contractu. The question of liability for damages for personal injuries through negligence had been finally determined by the decision of the Court of Appeal, and was no longer involved in the case. It is our opinion that that case is not in point, because in the instant case the question of liability for damages for the alleged negligent killing of deceased has never been determined and is the issue on the merits of the controversy.
 

 We conclude that this court is without jurisdiction ratione materhe.
 

 It is therefore ordered, adjudged, and decreed that this appeal be, and it is hereby transferred, in accordance with the provisions of Act No. 19 of 1912, to the Court of Appeal of the Second Circuit to be disposed of according to law; the transfer to be made within sixty days after this judgment becomes final, and, if not so made, then the appeal to be deemed dismissed; plaintiff and appellant to pay the costs of appeal in this court and the remaining costs to await final determination of the matter.