162 So. 724

REEVES v. GLOBE INDEMNITY CO.
OF NEW YORK.

No. 33449.

June 19, 1935.

Rehearing Denied July 12, 1935.

McCloskey & Benedict and W. Sommer Benedict, all of New Orleans, for appellant.

Taylor, Porter & Brooks, of Baton Rouge, for appellee.

FOURNET, Justice.

Plaintiff instituted this suit against the defendant for damages for physical inju-

ries alleged to have been sustained by her in the state of Illinois, on September 3, 1933, while occupying an automobile as the guest of the owner, Cornelius King, who carried insurance with the defendant against public liability. The suit was brought against the defendant insurance carrier alone in accordance with the provisions of Act No. 55 of 1930.

Plaintiff filed suit on August 24, 1934, but failed to allege the facts surrounding the accident or the cause thereof and negligence on the part of King, the insured, at the time of the accident, and defendant filed exceptions of no cause or right of action.

On January 26, 1935, more than one year after the date of the accident but before the court had disposed of the exception of no cause or right of action, plaintiff filed a supplemental and amended petition, giving the details of the cause of the accident and alleged gross negligence on the part of the driver of the car.

The defendant filed a plea of prescription of one year, which was sustained by the lower court, and the suit dismissed. Plaintiff appealed to this court from the judgment dismissing her suit; whereupon the defendant moved to dismiss the appeal on the ground that this court is without jurisdiction ratione materiæ.

The pertinent part of section 10 of article 7 of the Constitution of 1921, dealing with the powers and jurisdiction of the Supreme Court of Louisiana, reads as follows:

"It [the Supreme Court] shall have appellate jurisdiction in civil suits * * * *except in suits for damages for physical injuries to, or for the death of a person, or for other damages sustained by such person or his heirs or legal representatives, arising out of the same circumstances.* * * *"* (Italics ours.)

We have held that "The above *excepted suits* are placed under the jurisdiction of the Courts of Appeal of Louisiana. Constitution 1921, art. 7, § 29." Metropolitan Casualty Ins. Co. of New York v. Bowdon, 181 La. 295, 159 So. 394, 395. (Italics ours.)

But counsel for plaintiff contend that this is a suit for indemnity upon the contract of insurance and not one founded on a tort by the insurance carrier, and therefore this court has jurisdiction.

In the case of Metropolitan Casualty Ins. Co. of New York v. Bowdon, supra, we said that:

"The mere fact that the plaintiff is indirectly asserting the tort action as a statutory subrogee and conventional assignee does not make this an action ex contractu. The subrogation and assignment are merely incidental to the main demand."

While the facts in the above-cited case were different from those in the case at bar, nevertheless, the same principle and rule of law are involved. The plaintiff exercised her statutory optional right to institute this suit against the defendant alone rather than jointly and in solido against defendant and King. However, that fact did not change the nature of the action from one ex delicto to an action ex contractu. The cause that gave rise to the right of action has not been changed, nor does the statutory right of action against the defendant change the nature of the demand. This is a suit *for damages for physical injuries,* and this court is therefore without jurisdiction ratione materiæ.

For the reasons assigned, it is ordered, adjudged, and decreed that this appeal be and is hereby transferred to the Court of Appeal, First Circuit, in accordance with Act No. 19 of 1912; the transfer to be made within sixty days after this judgment becomes final, and, if not so made, then the appeal to be deemed dismissed; plaintiff and appellant to pay the costs of appeal in this court, and the remaining costs to await final determination of the matter.