Plaintiff appealed from judgment which sustained a plea of prescription of one year interposed by defendant. The allegations of fact contained in the petition served as the basis for upholding the plea as against the contention of plaintiff that ten year prescription was applicable to the cause of action upon which alleged. In other words, defendant's contention is that the cause of action is governed by the rule of prescription pertinent to actions ex delicto, Article 2315
of the Civil Code, whereas plaintiff contends that the action is governed by the prescription applicable to contracts or quasi contracts, Article 3544 of the Civil Code.
Plaintiff alleged that one Calvin Shaw, an employee of the estate of W.A. Hood, was on the 16th of September, 1941, seriously injured by and through the fault, *Page 864 
carelessness and negligence of an employee of the defendant, Mrs. Mabel D., Nelson, while performing the duties of his employment and while on a mission for his principal, the defendant. The specific acts and instances of negligence on the part of said employee are detailed in the petition. It is also alleged that the injuries to said Calvin Shaw resulted in permanent total disability, and that plaintiff is obligated to pay him compensation at the rate of $7.80 per week, for a total of four hundred (400) weeks.
It appears from the petition that when injured said Shaw was performing services for the estate of W.A. Hood, arising out of and incidental to his employment in the course of his employer's business, etc.; that plaintiff carried workmen's compensation insurance on all employees of the estate of W.A. Hood, including said Shaw, and pursuant to its obligations under the policy issued to the said estate, had to October 13, 1944, paid compensation to Shaw in the sum of One Thousand Two Hundred Fifty-Five and No/100 ($1,255) Dollars, and also had incurred and paid medical and hospital expenses in treating him in the sum of One Hundred Seventy-Three ($173) Dollars, or a total of One Thousand Four Hundred Twenty-Eight ($1,428) Dollars, being the amount for which sued.
Finally, plaintiff alleges that:
"* * * by reason of the things and matters as set forth in this petition, it is legally subrogated to any and all rights and actions which the said Calvin Shaw might have as against the defendant herein to recover of her damages resulting to him, the said Calvin Shaw, by reason of the injuries sustained by the said Calvin Shaw, as hereinabove set forth; this to the amount and extent of the compensation paid by it herein, as well as the expenses incurred by it under its policy as aforesaid."
Plaintiff, to sustain its position, relies upon the following cases, to-wit: Foster Glassell Company, Ltd., v. Knight Brothers, 152 La. 596, 93 So. 913; Appalachian Corporation, Inc., v. Brooklyn Cooperage Company, Inc., 151 La. 41, 91 So. 539.
Defendant, with equal confidence in the position assumed by her, cites and relies upon the following cases: Chauvin v. Louisiana Power Light Co. et al., 177 La. 193, 148 So. 23; Metropolitan Casualty Insurance Company of New York v. Bowdon et al., 181 La. 295, 159 So. 394; Reeves v. Globe Indemnity Company of New York, 182 La. 905, 162 So. 724; Aetna Life Insurance Company v. De Jean, 183 La. 529, 164 So. 331.
It is certain there is sharp conflict in the decisions of the Supreme Court as to the character of prescription applicable to the facts of the present case, especially between the Foster and Glassell Company case and the Chauvin case. In the former case, Foster and Glassell Company was the employer of a man negligently injured by an employee of Knight Brothers. The injured party, after litigation, recovered workmen's compensation from his employer, Foster and Glassell Company, and after paying the judgment awarding compensation, this company instituted suit against Knight Brothers, the tort feasor, to recover the amount of compensation paid by it, plus interest, physicians' bills and court costs. Knight Brothers pleaded prescription of one year in bar of the suit which was sustained by the District Court and the Court of Appeal. However, the Supreme Court reversed both rulings and held that the prescription of ten years was applicable. Reasons for so holding are given at length.
In the Appalachian Corporation case, supra, as reflected from the syllabus, it was held [151 La. 41, 91 So. 540]:
"The obligation of one in possession of a building to the owner, who was held liable to a third party for an injury caused by a door falling on him, was for reimbursement of money paid for and on its behalf, and as the right to reimbursement was not complete and enforceable until payment or discharge of the obligation to the third person, the right of action did not arise until payment and prescription did not begin to run until then."
It will be observed that in both of these cases liability of a third person to the injured party was not determined and fixed until after litigation. In each case suit to recover the amount of the judgment was instituted against the primary tort feasor within one year from finality of judgment; and the Supreme Court in each instance held that the action was timely filed; that until such liability was fixed and determined, the current of prescription against such liability did not run.
In the Chauvin case [177 La. 193, 148 So. 28] it was specifically held that:
"The employer paying the compensation has the same, but no greater, rights than *Page 865 
the employee, and his action is necessarily subject to the same limitations. Such action as may be brought by the employer against the third person is one in tort and is prescribed in one year under the general law."
The Supreme Court declined jurisdiction ratione materiae in the Metropolitan Casualty Insurance Company of New York v. Bowdon et al., cited above, and transferred the appeal to the Court of Appeal. The grounds for so doing are clearly set forth in paragraph four of the syllabus, which reads as follows:
"Action against an alleged tort-feasor and his insurance carrier by employer's compensation insurance carrier for employee's death allegedly caused by tort-feasor's negligence held an action 'ex delicto' and not 'ex contractu.' and appellate jurisdiction of cause within appellate court's jurisdiction and not Supreme Court's notwithstanding employer's insurance carrier sued as statutory subrogee and conventional assignee of claims of widow and minor child of deceased (Const. 1921, art. 7, §§ 10, 29)."
The same action and for the same reason was taken by the court in the suit of Aetna Life Insurance Company v. De Jean et al., supra, and in the case of Reeves v. Globe [Indemnity Company of New York, supra.
In the first two of these last three mentioned cases, the carrier of public liability insurance, after its liability had been definitely fixed and discharged, sought as subrogee of the injured person's rights, to recover from the tort feasor the amount in whole or part paid by it under the policy contract. In each case the Supreme Court held that notwithstanding the insurer sued as conventional or statutory subrogee, and notwithstanding its liability arose from the policy contract, the action, nonetheless, was in tort or ex delicti.
[1] It is quite obvious from the latter decisions of the Supreme Court that plaintiff herein has instituted a tort action against the original tort feasor, and that the applicable prescription is that of one year as provided in Article 2315 of the Civil Code. The question then arises in this action: When did the current of prescription begin?
[2] In the Foster and Glassell Company and Appalachian Corporation cases it was held that as the measure of liability was not and could not well have been fixed until judicially determined, prescription began to run from the date judgment was satisfied by payment. In the present case the insurer, from the date of injury to Shaw, which was September 16, 1941, admitted his right to demand and be paid compensation at the rate of $7.80 per week as in case of permanent total disability, and prior to filing this suit had made one hundred sixty-one (161) payments. Plaintiff herein admits in its petition that Shaw is entitled to and will be paid compensation for four hundred (400) weeks. Therefore, the extent of plaintiff's liability is now, and has been since Shaw was injured, definitely and positively fixed. This being true, plaintiff's right of action against defendant, the tort feasor, arose over three years prior to the filing of suit by it, and perforce, is amenable to the plea of prescription filed in bar thereof.
[3] If the foregoing were not true, we would have a situation wherein the rights of the insurer or employer, through subrogation from the injured person, would be greater than those of the injured person himself. This is not and was never intended to be the law. It does not seem to us to be logical nor reasonable that such a transition should take place by virtue of subrogation whether statutory or conventional. The insurer or employer simply succeeds to the rights of the injured person and such rights, unless judicially asserted within twelve months after the measure of liability of the employer or insurer is determined, are barred by the prescription of one year.
After all is said and done on the subject, the fact remains that the tort feasor is sued for damages caused by the negligence of her servant, and if recovery is had, Article 2315
of the Civil Code is the law that authorizes such a result. This article declares:
"Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it. * * *."
It further provides that such right exists only for one year after it becomes exigible.
For the reasons herein assigned, the judgment appealed from is affirmed with costs.
KENNON, J., takes no part. *Page 866