55 So.2d 650 (1951)
TODD-JOHNSON DRY DOCKS, Inc.
v.
CITY OF NEW ORLEANS.
No. 19818.
Court of Appeal of Louisiana, Orleans.
December 10, 1951.
*651 Richard J. Meunier, New Orleans, for plaintiff-appellant.
Michel Provosty, Michel O. Provosty, New Orleans, for defendant-appellee.
JANVIER, Judge.
The question presented here is most interesting and complicated. There is involved an interpretation of section 7 of the Louisiana Workmen's Compensation *652 Statute, Act 20 of 1914, as amended, and particularly as amended by Act 247 of 1920.
The question is: May an employer, who has compromised with or become liable to an employee on a claim for compensation as a result of injuries caused by a third party tort-feasor, bring an action against the tort-feasor for reimbursement of what he has paid or become liable for to the employee if the employee has already brought suit against the tort-feasor and has notified the employer that he has brought such suit and the employer has not seen fit to intervene therein?
The particular provisions of the statute with which we are concerned are to be found in section 7 of the statute as amended by Act 247 of 1920, and are sections 1101, 1102 and 1103 of Louisiana Revised Statutes, Title 23, LSA-RS. They read as follows:
"§ 1101. When an injury for which compensation is payable under this Chapter has been sustained under circumstances creating in some person (in this Section referred to as third person) other than the employer a legal liability to pay damages in respect thereto, the injured employee or his dependent may claim compensation under this Chapter and the payment or award of compensation hereunder shall not affect the claim or right of action of the injured employee or his dependent against such third person, nor be regarded as establishing a measure of damages for the injury; and such injured employee or his dependent may obtain damages from or proceed at law against such third person to recover damages for the injury.
"Any employer having paid or having become obligated to pay compensation under the provisions of this Chapter may bring suit against such third person to recover any amount which he has paid or become obligated to pay as compensation to any injured employee or his dependent.
"§ 1102. If either the employee or his dependent, or the employer, brings suit against a third person as provided in R.S. 23:1101, he shall forthwith notify the other in writing of such fact and of the name of the court in which the suit is filed, and such other may intervene as party plaintiff in the suit.
"§ 1103. In the event that the employer or the employee or his dependent becomes party plaintiff in a suit against a third person as provided in R.S. 23:1102, and damages are recovered, such damages shall be so apportioned in the judgment that the claim of the employer for the compensation actually paid shall take precedence over that of the injured employee or his dependent; and if the damages are not sufficient or are sufficient only to reimburse the employer for the compensation which he has actually paid, with a reasonable attorney's fee and his costs, such damages shall be assessed solely in his favor; but if the damages are more than sufficient to so reimburse the employer, the excess shall be assessed in favor of the injured employee or his dependent, and upon payment thereof to the employee or his dependent the liability of the employer for compensation shall cease for such part of the compensation due, computed at six per centum per annum, as shall be satisfied by such payment.
"No compromise with such third person by either the employer or the injured employee or his dependent shall be binding upon or affect the rights of the other unless assented to by him."
On March 22nd, 1950, John H. Ernst, an employee of Todd-Johnson Dry Docks, Inc., sustained physical injuries under circumstances which may have rendered the said employer liable in compensation. The injuries were sustained when the employee was thrown from a truck on which he was riding when the operator of the truck, believing that it was about to be struck by a freight car, which was under the control of employees of New Orleans Public Belt Railroad, suddenly accelerated the forward movement of the truck, causing the said employee to fall from it to the ground.
The employee, Ernst, contending that the accident had arisen out of his employment and had occurred in the course thereof and that he had been partially disabled, made claim for compensation for $44.40 per week for 175 weeks, and he and the employer, Todd-Johnson Dry Docks, Inc., filed *653 in the Civil District Court for the Parish of Orleans a joint petition asking approval of a compromise agreement, under which the employer was to pay to him in a lump sum settlement $3100.00, in addition to $750.36, which had already been paid to him in compensation, and in which agreement it was also stipulated that the employer had furnished all necessary hospital and medical care. This compromise settlement was approved by the court and the "lump sum" was paid to Ernst who signed an acknowledgment that he had received the amount in full settlement of his claim. This settlement was consummated on September 25th, 1950. In the meantime, on May 23rd, 1950, in the Civil District Court for the Parish of Orleans, Ernst had filed suit in tort against the Public Belt Railroad Commission and the City of New Orleans, praying for judgment in the sum of $54,237.60 for injuries sustained in the accident of March 22nd, 1950, alleging that the said accident had been caused by negligence of employees of said Public Belt Railroad Commission. Todd-Johnson Dry Docks, Inc., did not intervene in this suit of Ernst against Public Belt Railroad Commission. In that suit judgment was rendered in the Civil District Court for the Parish of Orleans in favor of Ernst for $5,348.00, and that matter is now pending in this court on appeal.
On March 21st, 1951, Todd-Johnson Dry Docks, Inc., filed this suit in the Civil District Court for the Parish of Orleans, praying for judgment against the City of New Orleans, acting through the Public Belt Railroad Commission, in the sum of $4,324.30, together with legal interest, costs, etc. It was alleged that this amount was made up of $3,100.00 paid in settlement of the compensation claim, $750.36, which had been previously paid and $453.94 in hospital and medical bills. (It will be noted that the correct total should be $4,304.30 and not $4,324.30.)
To this petition of Todd-Johnson Dry Docks, Inc., the defendant filed exceptions in which it alleged the facts which we have already set forth and in which it averred that this suit by plaintiff, Todd-Johnson Dry Docks, Inc., "grows out of one and the same cause of action as does that of John H. Ernst, now pending before the Court of Appeal; that for the purposes of this plea, the plaintiff in that proceeding is legally one and the same as the plaintiff herein, in that, any rights the plaintiff herein may have had against the defendant were derived from, and were no greater than those of John H. Ernst; that the defendant in both proceedings is one and the same; and defendant specially pleads the pendency of that cause as precluding the prosecution of the present action."
And defendant also averred that, because of the facts set forth, "the plaintiff herein is totally without right of action against the defendant; and defendant specially pleads said lack of a right of action in bar of this action."
On a trial of the plea of lis pendens and of the exception of no cause of action there were offered the two records,one in settlement of the compensation of the claim of Ernst against Todd-Johnson Dry Docks, Inc., and the other in the tort action of Ernst against the Public Belt Railroad Commission. There was judgment sustaining both the plea of lis pendens and the exception of no cause of action and plaintiff's suit was dismissed. Plaintiff has appealed.
The claim of Ernst for compensation, the suit of Ernst for damages, and this suit of Todd-Johnson Dry Docks, Inc., against the Public Belt Railroad Commission were all filed by the same attorney, and it is conceded that when the suit for damages was filed by Ernst, Todd-Johnson Dry Docks, Inc., was duly notified of the filing of that suit in accordance with the provisions of the Louisiana Workmen's Compensation Statute and that Todd-Johnson Dry Docks, Inc., did not intervene therein.
It is the contention of counsel for defendant that, when an employee is injured under circumstances which give rise to a claim for damages against a third person, there is created by the compensation act one cause of action for damages, and that this cause of action accrues jointly to the injured employee and to the employer or the insurer who may have paid or may have become liable for compensation, and that *654 the statute does not contemplate that this claim may be asserted in two separate actions, one by the injured employee and another by the employer, with the result that the employee may recover his damages and the employer may recover, in addition, such amount as he may have become liable for in compensation.
Counsel for plaintiff, however, directs our attention to the words "such other may intervene", and asserts that obviously it was intended merely to give the right of intervention and not to require that the other party must intervene or lose his rights.
Counsel for defendant, on the other hand, say that the compensation statute creates a triangular or three-cornered relationship under which there is liability in the employer to the employee for compensation, liability in the third party tort-feasor to the employee for damages, and, as a result of the legal subrogation which is created by the statute, liability in the third party tort-feasor to the employer but only up to the amount which the employer may have paid or may be liable for, and that this third party liability of the tort-feasor to the employer is a part of the liability for damages to the injured employee; that there is only one cause of action in tort, and that when this is asserted in a tort action brought by the employee, and the employer is notified of the filing of this action, the employer, if he would recover at all, must intervene in that tort action of the employee; that said action in which the employer is necessarily interested is already pending, and that therefore he may not bring a later and separate action based on the same cause which has already been asserted.
It is our opinion that section 1103 of the above quoted provisions of the compensation statute is all important in arriving at the solution of this controversy for therein it is very plainly provided that, wherever there is a recovery against the third party tort-feasor by the employee who is also entitled to compensation, "the claim of the employer for the compensation actually paid shall take precedence over that of the injured employee * * *," and that "if the damages are not sufficient * * * to reimburse the employer for the compensation which he has actually paid * * *, such damages shall be assessed solely in his favor; * * *."
There can be no misunderstanding of this language. If the entire recovery in tort is necessary to reimburse the employer for compensation, then there is nothing left for the employee out of the recovery in tort. If an employer either may or may not intervene as he sees fit, then obviously he may permit the employee to recover in damages from the tort-feasor and then in a separate suit also recover from the same tort-feasor for such amount as he may have been liable for in compensation.
Counsel for plaintiff realizes this, and attempts to answer by saying that of course the employee, who recovers in tort, will owe to the employer who is liable to him in compensation so much of the tort recovery as represents loss of wages, and that the employee may retain out of his recovery in damages so much as represents suffering, mental anguish and all other items except loss of earnings. To illustrate this contention, let us consider the situation here.
Counsel for plaintiff says that since Ernst, under the judgment of the district court in the tort action, recovered a judgment for $5,348.00 of which $1,598.00 represents loss of earnings, he will owe to his employer $1,598.00, and may retain the balance awarded him by the judgment if it is affirmed on appeal. The statute makes no such provision. It plainly provides that, if necessary, the entire amount recovered in damages shall be used to reimburse the employer.
Counsel for plaintiff further contends that not only may the employer retain so much of his tort recovery as does not represent wages, but that if that part of the recovery which is to go to the employer in reimbursement of the compensation for which he is liable is not sufficient to fully reimburse the employer, he may maintain an action against the tort-feasor to recover such additional sum as may be necessary to completely reimburse him for the compensation for which he is liable. In other *655 words, that the amount of compensation paid may form an item in the claim for damages against the tort-feasor.
We find ourselves entirely unable to accept this view. The claim against the tort-feasor is a claim for damages only. The statute does not create a new, independent action based upon the compensation paid. This was held in Chauvin v. Louisiana Power & Light Co., 177 La. 193, 148 So. 23. All that the statute does is recognize the fact that, as a result of Article 2315 of our Civil Code, an injured employee may collect damages from the third party tort-feasor, and that if he is entitled to such damages the employer may, by pursuing the proper course of action, obtain out of those damages the amount for which he is liable in compensation.
There can be no doubt at all that the third party tort-feasor is liable only for damages and that this liability is not increased by the fact that the employer is liable to the employee for compensation. The monetary extent of the liability of the tort-feasor is determined by the application of the principles which are applied in fixing liability in tort actions, and when the extent of that liability is determined by the application of those principles the compensation statute does not provide that, in addition, the tort-feasor is liable to the employer for what he, the employer, may be liable for. This becomes quite clear when we note the provision already quoted that "if the damages are not sufficient * * * to reimburse the employer * * * such damages shall be assessed solely in his favor; * * *".
In Chauvin v. Louisiana Power & Light Co., supra [177 La. 193, 148 So. 28], to which we have already referred, the Court said: "Coming now to the contention made by counsel for defendant that the amending act changes or affects the rights and obligations of third persons, our conclusion is that it does not. The duties and obligations of persons who through their fault injure others to respond to the injured person in damages is fixed by article 2315 of the Civil Code. The fact that the injured person is an employee of another does not affect these obligations. Whether the response is to be made through an action brought by the employee or by his employer as subrogee affects neither his rights nor his obligations."
And further the Court said: "The employer paying the compensation has the same, but no greater, rights than the employee, and his action is neccessarily subject to the same limitations. Such action as may be brought by the employer against the third person is one in tort and is prescribed in one year under the general law. Foster & Glassell Co. v. Knight Bros., 152 La. 596, 93 So. 913."
In Breaux v. Roussell, La.App., 151 So. 267, 269, we held that the claim of the insurer of the employer for compensation paid to the employee forms a part of the damage claim of the employee against the tort-feasor, but does not augment that claim. We said: "We do not think that there should be an additional award of $708.59 to the Maryland Casualty Company, as was allowed by the court, a qua. The intervention of the Maryland Casualty Company is authorized by section 1 of Act No. 247 of 1920, amending Act. No. 20 of 1914, which contemplates that the award to the compensation insurance carrier shall be included as a part of the amount found to be due the injured employee."
The legal question which was decided in that case was clearly stated in the syllabus, No. 3: "Employer's insurance carrier held not entitled to award of amount it paid injured truck driver in addition to damages awarded latter in suit against owner of another truck, which caused injuries (Act No. 247 of 1920, § 1, amending Act No. 20 of 1914)."
The same was held in Meares v. Dixie Creameries, 9 La.App. 213, 120 So. 133, 134. There the Court said: "Counsel for plaintiff contend that he should also recover the amount of compensation which his employer paid him during disability, in addition to the award for pain, suffering, and injuries. We do not think so, but think this should be included in the $12,000."
The decision of this court in Smith v. McDonough, La.App., 29 So.2d 818, cannot be interpreted as authority for the *656 view that, when an employee is injured by the tort of a third person, there come into existence two separate claims against the tort-feasor which may be asserted in two separate actions. All that we intended to hold was that, under such situation, there comes into existence a claim for damages in favor of the injured employee, and that in this claim there may be asserted any item of damage or loss sustained, and that there is also given to the employer the right to obtain out of the claim of the employee the amount for which he, the employer, may have become liable in compensation. The claim of the employer against the tort-feasor is limited by the amount to which the employee may be entitled in damages. As a matter of fact, all that was necessary to the decision of the case of Smith v. McDonough, supra, was to hold that a compromise entered into by an employee with a tort-feasor, but without the knowledge or consent of the employer, does not prevent the employer from presenting his claim against the tort-feasor.
It is interesting to note that our Brothers of the First Circuit, while not disagreeing with the conclusion reached by us in Smith v. McDonough, obviously did not feel that that conclusion could have been reached only on the ground (which they felt was untenable, as we do also) that the "cause of action given the employee and that given the employer are not the same." [La.App. 29 So.2d 822.]
We think it very clear then that the claim of the employer is not an additional claim to that of the employee, but is merely a part of it, which part, by subrogation, has been transferred to the employer. That the employer, who pays compensation, is subrogated pro tanto to the claim of the employee against the tort-feasor is made self-evident by a mere reading of the statute. Authorities on this question are legion.
In International Paper Co. v. Arkansas & Louisiana M. R. Co., La.App., 35 So.2d 769, 771, the Court said: "* * * The employer, when demanding reimbursement in such circumstances, does so as subrogee of the employee. * * *"
Counsel for plaintiff, with confidence, points to the last cited case as a holding that the amount of the claim of the employer for reimbursement from the tort-feasor is determined by the amount of compensation paid by the employer, or for which the employer is liable.
It is true that, in that opinion, there appears the following statement: "* * * The statute is clear in fixing the extent of liability of the tort-feasor to the employer. The amount recoverable by the employer is definitely fixed at the total of compensation paid, plus that for which he is obligated to pay."
A reading of the opinion shows that what the court meant was that the claim of the employer is "limited" by the amount of compensation and not "fixed" by it. It is also limited by the amount to which the employee may be entitled as damages.
It follows that, where the claim has been asserted by the employee in a tort action and the employer has been notified, there is nothing left of the tort claim which may be asserted by the employer in a separate action. His claim is a part of or is possibly all of the claim which has already been asserted and therefore he has no cause of action left to him. His claim is already pending in the suit which the employee has filed.
In Stein v. Williams Lumber Co., La. App., 36 So.2d 62, we held, as is expressed in syllabus No. 1: "A debt is indivisible without consent of both parties and debtor cannot be compelled to pay debt to a number of transferees among whom it may please creditor to divide it, and subrogation of part of debt is not binding on debtor without his consent. Civ.Code, arts. 2111, 2153."
The facts here show even more forcibly why there should not be permitted a division of the debt and its assertion in two separate actions. Here the employee claims all of the damages and yet the employer, whose claim arises by subrogation from the employee, claims that, in addition to what the employee is entitled to as damages, it is entitled to more.
*657 The conclusion is inescapable that since that statute provides that the employee may proceed against the tort-feasor and may claim the entire amount of damages with the right in the employer to intervene, if the employer sees fit to do so, the necessary result is that if the employer does not intervene he loses all right to proceed against the tort-feasor. If he does not intervene, his right to claim reimbursement from the employee out of such damages as the employee may recover possibly may not be affected, but this right of the employer to claim reimbursement from the employee must be exclusively against the employee and cannot any longer be effective against the tort-feasor.
The claim of the employer is already pending in the suit by Ernst against this same defendant and there remains no part of the cause of action which may now be asserted by plaintiff.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.