REGAN, Judge.
Plaintiff, Marquette Casualty Company,, the compensation insurer of Parettii Pontiac Co. Inc., instituted this suit on: November IS, 1955, against the defendant,. Chester Brown, endeavoring to recover as-indemnification the sum of $672.63, representing workmen’s compensation and medical expenses which it paid to Cleotha. Thomas an employee of its insured for injuries incurred on July 15, 1954, in the intersection of Dryades and Girod Streets, when Brown, the operator of a Chevrolet, automobile collided with a motor-cycle operated by Thomas.
The defendant pleaded the prescription-, of one year, and in explanation thereof asserted that Thomas incurred the injuries-which are the subject matter of this litigation on July 15, 1954, and that suit was not. instituted by the plaintiff until November 15,. 1955, or one year and four months after the-occurrence of the accident.
From a judgment in favor of defendant,, maintaining the plea of prescription, plaintiff has prosecuted this appeal.
*93 The plaintiff’s petition which was filed on November 15, 1955, alleges that on July 15, 1954, Thomas, an employee of Paretti Pontiac Co. Inc., was operating a three-wheeled motor-cycle in the intersection of Dryades and Girod Streets when he was injured by Brown, who was negligently operating his automotive vehicle in the same intersection; as the result of the injuries incurred by Thomas, plaintiff, as compensation insurer of the employer Paretti Pontiac Co. Inc., was required to pay to Thomas, the sum of $672.63, therefore, plaintiff insists that it is entitled to recover the above sum as indemnification in conformity with the provisions of LSA-R.S. 23:1101, the last paragraph of which reads:
“Any employer having paid or having become obligated to pay compensation under the provisions of this Chapter may bring suit against such third person to recover any amount which he has paid or become obligated to pay as compensation to any injured employee or his dependent.”
Plaintiff contends that it did not know the full extent of its liability to Thomas until November 21, 1954, the date that the last compensation payment was made, therefore, the prescriptive period of one year did not begin to run until that date.
Plaintiff, in order to prove the rationale of the foregoing assertion principally relies upon the jurisprudence enunciated in the following cases, to wit: Foster & Glassell Co., Limited, v. Knight Bros., 1922, 152 La. 596, 93 So. 913; Appalachian Corporation, Inc., v. Brooklyn Cooperage Co. Inc., 1922, 151 La. 41, 91 So. 539.
Defendant, in order to sustain its plea that the prescriptive period of one year begins to run from the date of the injury incurred by the employee, exclusively relies upon the reasoning emanating from the case of Massachusetts Bonding & Ins. Co. v. Nelson, La.App., 1945, 22 So.2d 863,. wherein the following decisions are cited! and discussed by the author of the opinion. Chauvin v. Louisiana Power & Light Co. 1933, 177 La. 193, 148 So. 23; Metropolitan Casualty Ins. Co. of New York v. Bowden,. 1935, 181 La. 295, 159 So. 394; Reeves v. Globe Indemnity Co. of New York, 1935, 182 La. 905, 162 So. 724; Aetna Life Ins. Co. v. DeJean, 1935, 183 La. 529, 164 So. 331.
The only question which the plea of prescription has posed for our consideration is one of law and that is whether the employer or insurer’s action for indemnification against the third party tort-feasor for compensation paid to an employee is prescribed within one year of the injury incurred by the employee or within at least one year after the employer or the insurer’s liability for compensation has become determined, fixed and crystallized.
It is our opinion that plaintiff’s action was not prescribed until at least[1] one year after its liability became fixed and crystallized.
We believe that this case is encompassed by the ratio decidendi of Appalachian Corporation, Inc., v. Brooklyn Cooperage Co., Inc., 1922, 151 La. 41, 91 So. 539, 543. Therein the employer instituted its action for indemnification against the third person who pleaded the prescription of one year. In reversing the lower court which sustained the plea, the organ of the court reasoned:
“It is stated in Corpus Juris, vol. 13, p. 833, that the limitation applicable to an action for contribution is that fixed *94 for an implied contract. As the right to enforce contribution is not complete and enforceable until payment or discharge in whole or in part of the common obligation, the statute of limitations does not begin to run against a claim for contribution until plaintiff has discharged the common debt. The plaintiff’s right of action did not arise until it had paid the judgment, and that payment was made within the year following the finality of the judgment, and the suit was filed before the lapse of a year from either the finality of the judgment or its payment. In South Arkansas Lumber Co. v. Tremont Lumber Co., 146 La. [61] 62, 83 So. 378, it was held that a person cannot bring suit until his cause of action has accrued, and until a cause of action has accrued prescription cannot run against it, citing Jones v. Texas & P. Ry. Co., 125 La. 542, 51 So. 582, 136 Am.St.Rep. 339. * * * ”
In this case, the plaintiff did not know until November 21, 1954,[2] the full extent of its liability.
The principle that an employer could sue for indemnification within one year after his liability was definitely fixed, was again reiterated in the case of Foster & Glassell Co., Limited v. Knight Bros., 1922, 152 La. 596, 93 So. 913, wherein the organ of the court reasoned:
“On the other hand, when, at the end of the litigation, the employer paid the employe the sums which it was compelled to under the statute, at that time, and not until then, a cause of action arose in its favor, independent ■of the statute, as on an implied contract for indemnification at the hands of the defendant, if the injury was caused by the latter’s negligence. * * But, as said in Appalachian Corporation v. Brooklyn Cooperage Co., the prescription governing this latter cause of action is not that applicable to actions ex delicto.”
Defendant’s counsel argues that there is a sharp conflict in the decisions relied upon by him, and those relied upon by the plaintiff, all of which are cited hereinabove. A careful analysis thereof will reveal that all of these cases are reconcilable[3] when the distinction is appreciated of the instances in which the employer or insurer sues in tort on behalf of himself and/or the employee as opposed to those in which the employer or insurer is exercisng his independent action of indemnification to recover compensation paid to the employee. Thus in Foster & Glassell Co., Limited, v. Knight Bros., supra, the organ of the court asserted:
“It is said by defendant that the action is one ex delicto, and that plaintiff can have no greater rights than those of Pink Morris against defendant, a third person, through whose fault the injury is alleged to have occurred. This is undoubtedly true, in so far as the claim is for and on behalf of Morris; but plaintiff had two causes of action under the law, the one for and on behalf of Morris, and the other for indemnification, as upon an implied or quasi contract to be reimbursed for money which it was compelled to pay on account of the fault of defendant, for which, under the allegations of the petition, it was in no wise responsible. Appalachian Corporation, Inc., v. Brooklyn Cooperage Co., 151 La. 41, 91 So. 539. If plaintiff, without or before having paid Morris, had sued defendant for the full extent of the latter’s injuries, it could have been said that the action rested solely upon the right of sub-rogation under Act 20 of 1914, as amended, known as the Employers’ Liability Law or Workman’s Compen *95 sation Act. However, in view of the contest which it made of Morris’ claim for compensation, it could not have sued the defendants in this case without waiving the defenses which it made in that case, until the issues were finally settled; hence it waited until the sum which it had been condemned for had been paid, and brought this suit for indemnification or reimbursement. * * * ”
This court has on at least two occasions endeavored to emphasize the foregoing distinction. In the case of Smith v. McDonough, La.App., 1947, 29 So.2d 818, 822 the organ of the court stated:
“We have said that the cause of action given the employee and that given the employer are not the same. A consideration of the statute indicates that the injured workman may sue the third person, ex delicto, in an action sounding in damages, whereas the action conferred upon the employer is one of indemnification for the expense to which it has been put because of the negligence of the third person. In the one case, that of the employee, his recovery is limited to and based upon the unliquidated damages which he has suffered, whereas in the other case, that of the employer, it is for a fixed amount which, as the Supreme Court of Florida says, though based upon the same transaction is quite a different thing.”
In the relatively recent case of Todd-Johnson Dry Docks, Inc. v. City of New Orleans, La.App.1951, 55 So.2d 650, 655,[4] we endeavored to clarify the distinction emphasized in the foregoing case by remarking :
“The decision of this court in Smith v. McDonough, La.App., 29 So.2d 818, cannot be interpreted as authority for the view that, when an employee is injured by the tort of a third person, there come into existence two separate claims against the tort-feasor which may be asserted in two separate actions. All that we intended to hold was that, under such situation, there comes into existence a claim for damages in favor of the injured employee,, and that in this claim there may be asserted any item of damage or loss sustained, and that there i-s also given to-the employer the right to obtain out of the claim of the employee the-amount for which he, the employer,, may have become liable in compensation. The claim of the employer against the tort-feasor is limited by the amount to which the employee may be entitled in damages. * * * ”
As paradoxical as it may appear, even-the author of the opinion in the case of Massachusetts Bonding & Ins. Co. v. Nelson, La.App., 1945, 22 So.2d 863, 865, upon which defendant relies almost exclusively to sustain his plea of prescription, not only recognizes with approval the distinction hereinabove referred- to, but asserted', therein that the insurer or employer simply succeeds to the rights of the injured' person and such rights, "unless judicially asserted within twelve months after the-measure of liability of the employer or insurer is determined, are barred by the-prescription of one year.”
In conclusion, we interpret the existing jurisprudence to mean, that the employer' or insurer’s action for indemnification-against the third party tort-feasor for' compensation paid to the employee is prescribed within at least one year after the employer or insurer’s liability has become-fixed and crystallized.
On the other hand, if the employer or the insurer who has paid compensation to-the injured employee institutes a suit either in the name of the employer, insurer or employee against the third party tort-feasor- *96 both for compensation paid and' also for the full extent of the injury to the employee, that cause of action is prescribed within one year from the date of the injury.[5]
The rule of law enunciated hereinabove, with respect to the employer or insurer’s action for indemnification offends our prescriptive sensibilities in view of the fact that 400 or more weeks may elapse between the date of injury to the employee and the action by the employer or insurer for indemnification against the third party tort-feasor.
However, in our judicial system the Court of Appeal, in its relation to the Supreme Court,. occupies the status of an inferior court, therefore, we do not enjoy the prerogative individually or collectively of either criticizing of reversing a decision of that court, even if it should be obviously erroneous.
Our position is analogous to that in which the late Judge Westerfield found himself in Cusimano v. New Orleans Public Service, 12 La.App. 586, 122 So. 903, 905, wherein a concurring opinion, he so colorfully elucidated upon the status of an inferior tribunal.
“My position is like that of the participants in a certain renowned military exploit, who, though ‘stormed at with shot and shell,’ yet ‘boldly they rode and well,’ because, having heard the voice of authority, it was ‘Theirs not to make reply, theirs not to reason why.’ ”
For the reasons assigned the judgment appealed from is annulled, avoided and reversed, and the plea of prescription is overruled and this case is remanded to the Civil District Court for further proceedings not inconsistent with the views herein expressed. The defendant shall pay the cost of this appeal, all other costs are to await final judgment.
Reversed and remanded.

. We have used the phrase “at least” advisedly because of the inference of a ten year prescriptive period created by the organ of the court in Foster & Glassed Co., Limited, v. Knight Bros., supra [152 La. 596, 93 So. 914], wherein he stated, the employer “upon paying for the injury so inflicted, may recover of the tort-feasor as indemnity the sum so paid as upon an implied or quasi contract. * * * But, as said in Appalachian Corporation, Inc., v. Brooklyn Cooperage Co., Inc., the prescription governing this latter cause of action is not that applicable to actions ex delicto.”

. One year and four months after the occurrence of the injury.

. Including Massachusetts Bonding & Ins. Co. v. Nelson, supra, upon which defendant relies to sustain his plea of prescription.

. See also Board of Com’rs of Port of New Orleans v. City of New Orleans, 1953, 223 La. 199, 210, 65 So.2d 313, 317 (1953); also 14 L.L.B. 718.

. It will be noted tliat this phase of the matter was not posed in this case for our consideration.