VINCENT OIL CO. v. GULF REFINING CO. OF LOUISIANA et al.

(Circuit Court of Appeals, Fifth Circuit. April 2, 1912.)

No. 2,228.

MINES AND MINERALS (§ 81*)—INDISPENSABLE PARTIES—PERSONS NECESSARY TO COMPLETE DETERMINATION.

An oil company, which is assignee of an undivided half interest in an oil lease and is in exclusive possession and operating the property, is an indispensable party to a suit to establish the validity of a prior lease, the necessary effect of which would be to invalidate its own, and also, even if it were not a party, to interfere with its exclusive possession.

[Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. § 211; Dec. Dig. § 81.*]

Appeal from the Circuit Court of the United States for the Western District of Louisiana.

Suit in equity by the Vincent Oil Company against the Gulf Refining Company of Louisiana and others. Decree of dismissal, and complainant appeals. Affirmed.

Presley K. Ewing and Jno. Hamman (Cline, Cline & Bell, Gill & Jones, Andrews, Ball & Streetman, and John H. Eagle, of counsel and on the brief), for appellant.

D. Edward Greer, Leland H. Moss, and Charles A. McCoy (F. C. Proctor, of counsel and on the brief), for appellees.

Before PARDEE and SHELBY, Circuit Judges, and MAXEY, District Judge.

SHELBY, Circuit Judge. Bill in equity by the Vincent Oil Company, a Delaware corporation, against the Gulf Refining Company of Louisiana, a Louisiana corporation, and others.

The sole question to be decided is whether or not the Producers' Oil Company, a Texas corporation, is an indispensable party to the suit. The question was raised in the court below by demurrer to the bill, which was sustained. The question must, of course, be decided on the facts alleged in the bill and the relief prayed for.

A. J. Vincent and associates were the owners of 144 acres of land situated in Louisiana. On May 5, 1909, they executed and delivered to H. T. Staiti an instrument or lease conveying to him all the oil,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

gas, and mineral in this land, with the exclusive right to drill for the oil; the lessors retaining a one-eighth royalty, and the lessee being required to make certain payments by deposit in a named bank. The rights of H. T. Staiti under this lease were duly transferred to the complainant, the Vincent Oil Company. A. J. Vincent and his associates, claiming that H. T. Staiti and his transferees had failed to make payments in conformity to the terms of the lease, declared the same forfeited and annulled, and refused to recognize it as an existing contract. Treating the lease to Staiti as void, Vincent and associates leased 44 acres of the land to the defendant S. A. Emerson; and on February 8, 1910, for a recited consideration of $500, Vincent and associates leased 100 acres of the land embraced in the Staiti lease to George W. Hooks. Hooks was by the lease authorized to drill for oil; the lessors to have one-eighth of all oil found. On February 16, 1910, Hooks assigned to the defendant the Gulf Refining Company of Louisiana an undivided one-half interest in the lease held by him; and on May 21, 1910, by a separate instrument, he transferred and assigned his remaining undivided one-half interest in the said lease of 100 acres to the Producers' Oil Company, a corporation organized under the laws of the state of Texas. The Producers' Oil Company, with Walter B. Sharp and T. L. Birmingham, are in the exclusive possession of the premises covered by said Staiti lease, engaged in drilling operations thereon and extracting oil therefrom. The main purpose of the bill, as shown by the prayer, is to establish and enforce in favor of the complainant the lease to H. T. Staiti, and to cancel and annul the subsequent leases, including, of course, the lease to George W. Hooks. There is also a prayer for an injunction to protect the complainant in the rights conferred by the Staiti lease; that is, the right to enter on the land to drill for oil, etc.

It is conceded by the learned counsel for the appellant that the Producers' Oil Company would be a proper party, for, in fact, it was at first made a party, but was omitted from the amended bill, for the reason that H. T. Staiti, the assignor of the complainant, was a citizen of Texas, and the Producers' Oil Company being a Texas corporation, to join it as a defendant would oust the jurisdiction of the Circuit Court. Corbin v. County of Black Hawk, 105 U. S. 659, 26 L. Ed. 1136. It is contended by the appellant that the Producers' Oil Company is not an indispensable party; that the complainant can be granted all the relief prayed for without materially affecting the rights of the Producers' Oil Company; and, if not, that the complainant is at least entitled to some relief which can be granted within the scope and prayer of the bill without affecting the rights of that company.

Clearly, the complainant is entitled to no relief unless it establishes the validity of the lease to Staiti, and therefore the invalidity of the later lease to Hooks. To obtain any relief, it must be shown that the Staiti lease is valid, that Vincent and associates were not justified in repudiating it, and that therefore the lease to Hooks, under which the Producers' Oil Company claims, is invalid. It is this prop-

er construction of the bill that causes the complainant to pray to establish by decree the Staiti lease and to annul by decree the Hooks lease.

There are statutory provisions for the omission of parties who cannot be found within the district and who do not voluntarily appear, and, in cases within the statutes, the omission of such parties does not constitute matter of objection to the suit. R. S. U. S., § 737 (U. S. Comp. St. 1901, p. 587); Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1101) § 50. The forty-seventh rule in equity (29 Sup. Ct. xxxi) is founded on this statute, and it indicates by its terms that the statute is confined to "persons who might otherwise be deemed necessary or proper parties." The statute does not enable the court to proceed in the absence of indispensable parties. Shields v. Barrow, 17 How. 130, 15 L. Ed. 158. In the case last cited, indispensable parties are defined to be "persons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience."

The Producers' Oil Company is the owner of an undivided one-half interest in 100 acres of the 144 acres of land involved in the suit. It is in possession, drilling the land and extracting oil. Its claim to it is derived from Hooks, who claimed the same by a lease which the bill seeks to cancel. The bill seeks to establish the validity of, and to enforce, a lease to Staiti, which, if established as existing and valid, makes the lease to Hooks ineffective. Such being the relief sought by the bill, can the court proceed to a decree as between the Vincent Oil Company and the Gulf Refining Company and the other defendants, and do complete and final justice, without affecting the rights of the Producers' Oil Company? It is not an answer, but a mere avoidance of this question, to say that the decree will not be binding on the Producers' Oil Company; it not being a party. This is true as to the omitted party in all cases involving the question discussed here. The decree sought would interfere with the possession of the Producers' Oil Company, which is now exclusive of the complainant, and would place the complainant in joint possession. It would set up the Staiti lease and cancel the Hooks lease, which is the source of the title held by the Producers' Oil Company. It is true that the decree would not be binding on the Producers' Oil Company, but surely that company should be before the court to be heard in a case affecting its possession and the source of its title.

It has always been the constant aim and purpose of an equity court to do complete justice by deciding and settling the rights of all persons interested in the subject of the suit so as to make it safe to the parties to obey the orders of the court and to prevent future litigation. To attempt to settle the disputes described in the bill without the presence of the Producers' Oil Company would not only affect its rights and possession, but would leave the controversy itself in an unsettled condition—a condition tending to cause further litigation. The lease to Hooks might be canceled, but Hooks' sublease to the

Producers' Oil Company would remain valid; that is, technically, it would not be avoided by the decree. The Producers' Oil Company would be left in possession with the right to extract oil, but its co-tenant, the Gulf Refining Company, having a like interest derived from the same source, would be ousted, and the complainant substituted in right and possession. An accounting would be necessary between the Producers' Oil Company and the Gulf Refining Company, though the title of the latter would be annulled and that of the former would remain technically intact. So far as the Producers' Oil Company was damaged by the cancellation of the Hooks lease and the interference with its operations, it would have a right of action against Hooks; and Hooks, who is not a party to the bill, would have a right of action against his lessors, Vincent and associates. It seems to us clear that no decree doing complete justice between the parties could be rendered which would leave the Hooks lease valid and in force as to the Producers' Oil Company and void as to others claiming under the same lease.

The principles announced in decisions which are controlling here fully sustain the view that the Producers' Oil Company is an indispensable party to this suit. California v. Southern Pacific Company, 157 U. S. 229, 15 Sup. Ct. 591, 39 L. Ed. 683; Minnesota v. Northern Securities Company, 184 U. S. 199, 22 Sup. Ct. 308, 46 L. Ed. 499; Barney v. Baltimore City, 6 Wall. 280, 18 L. Ed. 825; Christian v. Atlantic & N. C. Railroad, 133 U. S. 233, 241, 10 Sup. Ct. 260, 33 L. Ed. 589.

It is suggested by the appellant that the Producers' Oil Company has no interest in 44 acres of the land which was leased to S. A. Emerson, who is a party to the bill, and that the Circuit Court undoubtedly had jurisdiction as to that part of the subject of the controversy. The bill presents a case involving the whole subject of the Staiti lease, the whole tract of 144 acres. The question presented to the trial court and the question presented here is whether or not the Producers' Oil Company was an indispensable party to the bill as framed. We are not called on to decide whether the Producers' Oil Company would be an indispensable party to a bill which related alone to the 44 acres leased to Emerson.

We are of the opinion that the Circuit Court ruled correctly in holding that the Producers' Oil Company was an indispensable party. To make it a party will deprive the Circuit Court of jurisdiction. The decree sustaining the demurrer and dismissing the bill without prejudice is therefore affirmed.