## KEEGAN v. HUMBLE OIL & REFINING CO. et al.

### No. 11514.

Circuit Court of Appeals, Fifth Circuit.

June 13, 1946.

Rehearing Denied July 23, 1946.

Irl F. Kennerly, of Houston, Tex., for appellant.

Robt. F. Higgins, Dillard W. Baker, Walter F. Woodul, Robert S. Durno, Cecil N. Cook, W. N. Arnold, Jr., Fred R. Switzer, C. E. Bryson, Dwight H. Austin, Fred V. Hughes, Chester H. Johnson, and J. A.

Platt, all of Houston, Tex., and Ballinger Mills, of Galveston, Tex., for appellees.

Before McCORD, WALLER, and LEE, Circuit Judges.

McCORD, Circuit Judge.

Patrick Keegan brought this suit against the Humble Oil and Refining Company to recover an undivided interest in a seventeen acre tract of land, a part of Lot 7 of a subdivision of the north half of the Thomas Choate League in Harris County, Texas. The complaint alleged record title in the plaintiff, that Humble was a trespasser without title, and prayed for judgment vesting in Keegan an undivided one-sixth interest to the land.

Humble in response to the complaint filed a motion for an order of the court to require plaintiff to bring in certain named parties who it was alleged were necessary and indispensable because of their interest in the surface estate, in oil payments, royalties and overriding royalties in the land in question. This motion being submitted to the court was overruled.

Several months later the plaintiff filed his first amended bill of complaint seeking an undivided one-fourth interest in 41¾ acres consisting of the original 17 acres and an extension to include an additional 24¾ acres. The complaint alleged that the said land was a part of Subdivision No. 7 or a part of Subdivisions Nos. 6 and 7 of the Thomas Choate League. The defendant thereupon refiled its motion for an order to require the plaintiff to bring in certain necessary and indispensable parties, contending that the suit would require an adjudication of the boundary line between Lots 6 and 7 and the interests of royalty and overriding royalty owners would be affected by the adjudication and further, if the acreage in either Lot 6 or 7 were reduced the "allowable" of oil, fixed by the Texas Railroad Commission on the basis of acreage, would be affected.

The motion to bring in additional parties was considered by the court and granted. Thereupon the plaintiff filed a second amended bill of complaint bringing in the parties as ordered by the court. Shortly afterwards, however, the plaintiffs elected to drop all parties from the case except the original defendant, Humble Oil and Refining Company, and moved for an order to that effect. The grounds upon which the plaintiff relied in support of this motion, among others, were that one Marcus V. Sperry, the owner of an overriding royalty, was a resident of the District of Columbia and his joinder would deprive the court of jurisdiction, that certain heirs of named deceased defendants were unknown and that certain subvendees of the interest of the named defendants were not brought in as additional parties defendant.

The court overruled the plaintiff's motion and the cause was dismissed under Rule 41(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The joinder of parties in a suit in the Federal District Court is governed by Rule 19 of the Federal Rules of Civil Procedure, Title 28 U.S.C.A. following Section 723c, which provides:

"(a) Necessary Joinder. Subject to the provisions of Rule 23 and of subdivision (b) of this rule, persons having a joint interest shall be made parties and be joined on the same side as plaintiffs or defendants. When a person who should join as a plaintiff refuses to do so, he may be made a defendant or, in proper cases, an involuntary plaintiff.

"(b) Effect of Failure to Join. When persons who are not indispensable, but who ought to be parties if complete relief is to be accorded between those already parties, have not been made parties and are subject to the jurisdiction of the court as to both service of process and venue and can be made parties without depriving the court of jurisdiction of the parties before it, the court shall order them summoned to appear in the action. The court in its discretion may proceed in the action without making such persons parties, if its jurisdiction over them as to either service of process or venue can be acquired only by their consent or voluntary appearance or if, though they are subject to its jurisdiction, their joinder would deprive the court of jurisdiction of the parties before it; but the judgment rendered therein does not affect the rights or liabilities of absent persons."

■ If there were parties absent from the suit who were indispensable, then the dismissal was proper. Gregory v. Stetson, 133 U.S. 579, 10 S.Ct. 422, 33 L.Ed. 792; Garzot v. Rios De Rubio, 209 U.S. 283, 28 S.Ct. 548, 58 L.Ed. 794; Commonwealth Trust Co. v. Smith, 266 U.S. 152, 45 S.Ct. 26, 69 L.Ed. 219; Webster v. Fall, 266 U.S. 507, 45 S.Ct. 148, 69 L.Ed. 411; Chicago, M., St. P. & P. R. Co. v. Adams County, 9 Cir., 72 F.2d 816; Neher v. Harwood, 9 Cir., 128 F.2d 846, 158 A.L.R. 1116.

■ We are of opinion that parties are indispensable when their interests in the subject matter of the suit and in the relief sought are so bound up with that of the other parties that their interest would be directly affected by the decree. This is the definition found in Shields v. Barrow, 58 U.S. 130, 17 How. 130, 158 L.Ed. 158, and Barney v. Baltimore, 73 U.S. 280, 6 Wall. 280, 18 L.Ed. 825.

[3, 4] The fact that the decree would not be technically binding on the absent parties is not the controlling factor. State of California v. Southern Pacific Company, 157 U.S. 229, 15 S.Ct. 591, 39 L.Ed. 683; Vincent Oil Company v. Gulf Refining Company, 5 Cir., 195 F. 434; Green v. Brophy, 71 App.D.C. 299, 110 F.2d 539. And the fact that a joinder of the absent parties might deprive the court of jurisdiction does not make them any less indispensable. Barney v. Baltimore, 73 U.S. 280, 6 Wall. 280, 18 L.Ed. 825.

Here it is clear that the true boundary line between Lots 6 and 7 must be determined. The result of such determination might increase or diminish the present rights of lessors, royalty and overriding royalty owners. The "allowable" of oil production fixed by the Texas Railroad Commission would also be affected by the boundary determination. However, if the question of boundary were not in the case the rights of lessors and royalty owners must be passed upon and ascertained if a decree vesting the title to the described land is awarded Keegan. In State of Washington v. United States, 9 Cir., 87 F.2d 421, 430, the owner of the reversionary interest was held to be an indispensable party in a suit against the lessee to determine ownership and possession. The court pointed out that although the decree does not adjudicate the reversionary interest, it does affect such interest. "This right of possession is so bound up in the reversionary estate * * *, that a decree against the leasehold estate, under such circumstances, has a direct effect on the reversionary interest. In other words, the lessee does not completely own the right to be adjudicated, but the lessor has an interest in such right." Vincent Oil Co. v. Gulf Refining Co., 5 Cir., 195 F. 434.

■■ We prefer, however, to rest our decision on the absence of the owners of the overriding royalty interest. This is an interest carved out of the lessees' share of the oil as distinguished from the owners' share. Wright v. Brush, 10 Cir., 115 F.2d 265. Their interests are so bound up with Humble Oil & Refining Company that the relief prayed for in the bill divesting Humble of its leasehold would deprive them of their right to share in the oil produced. These parties have no reversionary interest separable from their right to receive a portion of the oil produced. A decree depriving them of such interest without being heard could not be legally made, since no court can make a direct adjudication on rights of parties not before it. Gregory v. Stetson, 133 U.S. 579, 10 S.Ct. 422, 33 L.Ed. 792.

■ The absent defendant Sperry and others similarly situated were indispensable parties. Cf. Associated Oil Company v. Miller, 5 Cir., 269 F. 16; Vincent Oil Co. v. Gulf Refining Co., 5 Cir., 195 F. 434; Roos v. Texas Company, 2 Cir., 23 F.2d 171; Veal v. Thomason, 138 Tex. 341, 159 S.W.2d 472.

The judgment of dismissal is affirmed.