Mrs. Florence R. ELBERT, Appellant, v.
LUMBERMAN'S MUTUAL CASUALTY
COMPANY, Appellee.

No. 14353.

United States Court of Appeals
Fifth Circuit.

Feb. 18, 1953.

Rehearing Denied March 17, 1953.

For former opinion, see 201 F.2d 500.

John M. Madison, Shreveport, La., Whitfield Jack, Shreveport, La., for appellant.

H. Alva Brumfield, Jr., Baton Rouge, La., and Alvin R. Christovich, New Orleans, La., amici curiae.

Chas. L. Mayer, Shreveport, La., for appellee.

Before HUTCHESON, Chief Judge, and STRUM and RIVES, Circuit Judges.

PER CURIAM.

It is ordered that the petition for rehearing in the above entitled and numbered cause be, and it is hereby denied.

RIVES, Circuit Judge (dissenting).

On the original hearing, I had strong misgivings which were submitted to my brothers, but I was unable to crystallize my thinking clearly enough to justify a dissent. Continued consideration of the question has convinced me that there is something fundamentally wrong with our legal theories when they permit the great bulk of the casualty damage suit litigation in Louisiana to clog the dockets of the federal courts, while, I understand, some of the state judges actually do not have enough litigation to keep them busy.

Suits by the injured party directly against the insurer may operate justly under the Civil Law of Louisiana where jury verdicts are not important, see Wright v. Paramount-Richards Theatres, 5 Cir., 198 F.2d 303, 306, but where there is a common law right of trial by jury, as in the federal courts, it has been repeatedly recognized that juries are more prone to find liability and to assess heavy damages against a liability insurance company than against the insured. The mere mention of insurance to a jury is reversible error in all but four states of the union, Wheeler v. Rudek, 397 Ill. 438, 74 N.E.2d 601, 4 A.L.R. 2d 761. With both the insured and the insurer present, the federal courts could, in furtherance of justice and to avoid prejudice, order separate trials as to the cause of action against the insured and as to the existence and coverage of the policy. See Rules 20(b) and 42(b), Federal Rules of Civil Procedure, 28 U.S.C.A. In the absence of the insured as a party defendant, the federal court has no adequate power to protect a defendant insurance company from that known and well recognized prejudice.[1] This Court would be naive not to realize that that factor has much to do with the bringing of most of the automobile damage suits in the federal courts rather than in the state courts of Louisiana.

The transfer of most of the casualty damage suit litigation from the state to the federal courts thus defeats any beneficent public policy of the Louisiana direct action statute intended to operate under the civil law system of Louisiana. It is further in direct conflict with the purpose of diversity jurisdiction designed to avoid "possible discrimination by state courts in favor of resident over non-resident litigants", 54 Am.Jur., United States Courts Sec. 57; and operates rather to give full play to discrimination against the casualty insurance companies.

1. "But a trial in court is never, as respondents in their brief argue this one was, 'purely a private controversy * * of no importance to the public.' The state, whose interest it is the duty of court and counsel alike to uphold, is concerned that every litigation be fairly and impartially conducted and that verdicts of juries be rendered only on the issues made by the pleadings and the evidence." N. Y. Central R. R. Co. v. Johnson, 279 U.S. 310, 318, 49 S.Ct. 300, 303, 73 L. Ed. 706.

It seems to me that federal jurisdiction should be denied or declined upon several grounds. First, it involves the unconstitutional assumption of jurisdiction over controversies between citizens of the same state of Louisiana. Second, if not actually equitable in nature, the rights and procedure are so closely akin thereto that the same principles should be applied by the federal courts as in equity suits, and it should be held (a) that the insured is an indispensable party defendant, and (b) that in the exercise of their sound discretion in matters prejudicial to the public interest and which threaten the rightful independence of state governments in carrying out their domestic policy, the federal courts should decline to exercise jurisdiction against the insurer alone.

Let us first consider the nature in law of these direct actions against the insurer. Under the law of Louisiana, an action in tort arises solely from Article 2315 of the LSA–Civil Code reading in part: "Every act whatever a man that causes damage to another, obliges him by whose fault it happened to repair it; * * *."

This action was brought against the appellee insurance company alone under the provisions of LSA–R.S. 22:655, reading in part:

"* * * The injured person or his or her heirs, at their option, shall have a right of direct action against the insurer within the terms and limits of the policy in the parish where the accident or injury occurred or in the parish where the insured has his domicile, and said action may be brought against the insurer alone or against both the insured and the insurer, jointly and in solido. * * *"

By its policy issued to the named insured, the appellee company obligated itself "to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury * * *." The right of direct action by the injured person against the insurer must be "within the terms and limits of the policy". A cause of action against the insured is the first requisite to a direct action against the liability insurer. Reeves v. Globe Indemnity Co. of New York, 182 La. 905, 162 So. 724, 735; Mock v. Maryland Casualty Company, La.App., 6 So.2d 199; Burke v. Massachusetts Bonding & Insurance Company, 209 La. 495, 24 So.2d 875. The other requisite is, of course, the existence and coverage of the policy, a matter not here in dispute.

The latest pertinent decision of the Supreme Court of Louisiana, West v. Monroe Bakery, 217 La. 189, 46 So.2d 122, 123, has said that the object of the statute is to confer:

"* * * substantive rights on third parties to contracts of public liability insurance, which become vested at the moment of the accident in which they are injured".

See also Fisher v. Home Indemnity Co., 5 Cir., 198 F.2d 218.

An even later opinion of the Louisiana Court of Appeals for the second circuit has spoken of the direct action statute as being procedural in nature. Churchman v. Ingram, La.App., 56 So.2d 297. The confusion and disagreement as to whether the Act was merely procedural or created a substantive right is fully set forth in an earlier opinion by Judge Dawkins, Bayard v. Traders & General Ins. Co., D.C., 99 F. Supp. 343, 346–353. The case of New Amsterdam Casualty Company v. Soileau, 167 F.2d 767, 770, 6 A.L.R.2d 128, indicates that the act is both procedural and substantive. Clearly that part of the Act which gives a right of action direct against the insurer is substantive. Just as clearly, it seems to me, that part which provides that the action may be brought against either the insurer alone or against both the insured and the insurer jointly is procedural, for the Act itself recognizes that it is just as possible for the injured person to reach the proceeds of a liability policy in an action against both the insured and the insurer as in one against the insurer alone.

The basis for this Court's holding in New Amsterdam Casualty Co. v. Soileau, supra, that the action might be maintained in the federal court by the injured person against the insurer alone was that the Act subrogates "the injured person to all the rights of the insured within the terms and limits

of the policy." See also Cushing v. Maryland Casualty Co., 5 Cir., 198 F.2d 536.

"A subrogee * * * occupies the position of the party for whom he is substituted, and succeeds to the same but no greater rights. He cannot acquire any claim, security, or remedy which the creditor did not have." 50 Am.Jur., Subrogation, Section 110, page 753, and cases cited. Under the terms of the policy, the insured has a right to call upon the company to defend an action against him but until he has been adjudged responsible to pay the injured party, the insured has no right to call on the insurer to pay the damages. Instead, therefore, the statute having the effect of a legal subrogation in favor of the injured person to the rights of the insured, the operation of the statute in giving the injured person a right of action against the insurer is more accurately described by the Supreme Court of Louisiana in Ruiz v. Clancy, 182 La. 935, 162 So. 734, 736, as accomplished "by compelling the insurer to respond—within the limits of the policy—to the obligation of the insured." The Louisiana Supreme Court has said that the suit by the injured person against the insurer is still *ex delicto*, a suit for damages for personal injuries. Reeves v. Globe Indemnity Co., supra. Instead of the injured party being substituted as a party plaintiff in the place of the insured, it is more realistic to say that the insurer is substituted as a party defendant in the place of the insured. The overall effect of the statute, of the accident, and of the suit is to compensate the injured person by damages paid out of an asset provided by the insured.

By virtue of written provisions in its Code, Louisiana has a limited jurisdiction akin to equity in some cases "where there is no express law" or "where positive law is silent", LSA–Civil Code Art. 21. It does not have the "common law" and "equity" systems established in other states. Le Blanc v. City of New Orleans, 138 La. 243, 70 So. 212, 217; Hyman v. Hibernia Bank & Trust Co., 139 La. 411, 71 So. 598, 603; Osborn v. City of Shreveport, 143 La. 932, 79 So. 542, 545, 3 A.L.R. 955; Southern Bell Telephone & Telegraph Co. v. Louisiana Public Service Commission, 183 La. 741, 164 So. 786, 790.

The Louisiana direct action statute seems intended to produce the results permitted in common law states by statutes like, for example, the Alabama statute, Alabama Code 1940, Title 28, Sec. 12, where "the judgment creditor may proceed in equity against the defendant and the insurance company to reach and apply the insurance money to the satisfaction of the judgment." See also 19 Am.Jur., Equity, Sec. 188; 8 Appleman's Ins. Law & Practice, Sec. 4833 et seq.; 6 Blashfield's Cyc. of Auto. Law & Practice, Sec. 4071.

That diversity jurisdiction under the Constitution, Sec. 2 of Art. III, does not exist is elaborately developed in the able opinion of the district judge. Elbert v. Lumberman's Mutual Casualty Co., D.C., 107 F.Supp. 299. I would add only a few thoughts. The situation is clearly distinguishable from cases where the surety may be sued alone for the default of the principal, and is also distinguishable from cases like those of compulsory workmen's compensation insurance for the benefit of injured employees, where the insurance company may be sued alone. In all such cases there is a direct contractual obligation from the surety or insurance company to the injured party plaintiff. Here the insurance was not compulsory; the insured contracted for it voluntarily for his own protection; under the Louisiana statutes, all of the insured's rights under the policy are preserved insofar as they are consistent with the direct action against the insurer. An action against the insurer involves the establishment really of two causes of action; first, that against the insured and second, the insurer's responsibility therefor. They are not inseparable as in the pendent jurisdiction cases, Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148. As was said in that case, "The distinction to be observed is between a case where two distinct grounds in support of a single cause of action are alleged, one only of which presents a federal question, and a case where two separate and distinct causes of action are alleged, one only of which is

federal in character." 289 U.S. at page 246, 53 S.Ct. at page 589. It is permissible in Louisiana for both causes of action to be established in a single suit against the insurer, but when the diversity jurisdiction of a federal court is invoked, that court must recognize the two separate and distinct causes of action, and must accept jurisdiction of that one only which is federal in character.

If the district judge and I are mistaken and diversity judidiction does exist, it seems to me that the insured is an indispensable party defendant. "Whether parties are indispensable must be determined by the federal court according to federal rather than state rules, for the question of their jurisdiction is one which the federal courts must determine for themselves." Ford v. Adkins, D.C., 39 F.Supp. 472, 474. See also De Korwin v. First National Bank of Chicago, 7 Cir., 156 F.2d 858; 3 Moore's Federal Practice, 2d Ed., Sec. 19.07, pages 2152, 2153.

The principles announced by Mr. Justice Curtis in Shields v. Barrow, 17 How. 129, 130, 136, 15 L.Ed. 158, as to when parties are indispensable are still sound despite the difficulty in application of those principles. See 3 Moore's Federal Practice, Sec. 19.07, page 2150. Among other tests, a person is an indispensable party if his presence is necessary to enable the court to do complete and final justice between the parties before the court and, further, if the interest of the absent party is "of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience" Shields v. Barrow, supra. This court has said that "the fact that the decree would not be technically binding on the absent parties is not the controlling factor." Keegan v. Humble Oil & Refining Co., 5 Cir., 155 F.2d 971, 973. In State of California v. Southern Pacific Co., 157 U.S. 229, 255, 15 S.Ct. 591, 601, 39 L.Ed. 683, the Supreme Court says:

> "Irrespective, then, of the extent, technically speaking, of the effect and operation of a decree as to the seven parcels, based on that ground, as *res*

*adjudicata,* it is impossible to ignore the inquiry whether the interests of persons not before the court would be so affected, and the controversy so left open to future litigation, as would be inconsistent with equity and good conscience."

While the injured person under the Act has a right of direct action against the insurer, the insured also has certain property rights in the insurance policy, viz.: the insured has the right to be protected from liability to the extent of the coverage of the policy, whether to the injured person or to some other person who has been or may be injured during the term of the policy.

If the injured party sues the insured first and the insurer has notice of the litigation and an opportunity to control its proceedings, the insurer is bound by the determination of liability of the insured. 8 Appleman's Ins. Law & Practice, Sec. 4860, and cases cited. Whether the reverse holds true, that is, whether the insured would be bound by the determination of liability against his insurer, is a much more difficult question. See 29 Am.Jur., Insurance, Sec. 1084; Annotations, 137 A.L.R. 1016, 121 A.L.R. 890; 50 C.J.S., Judgments, § 789. If the insured is so bound, then obviously he is an indispensable party defendant for he may lose his counterclaim against the injured person or may be deprived of a part or all of his insurance protection without having his day in court.

Even, however, if the judgment would not be technically binding on the insured as to the issue of liability, that fact is not the controlling factor in determining whether the insured is an indispensable party. Keegan v. Humble Oil & Refining Co., 5 Cir., 155 F.2d 971, and authorities there cited. The injured party, having failed in a suit against the insurer direct, might still sue the insured. The judgment in the first suit would not conclusively estop the injured party for the issues would be different and it might be that that judgment was based on the failure of proof as to the existence and coverage of the policy, matters not involved in the suit against the insured. The injured party having recovered against

the insured, the insured could then call on the insurer to pay the damages and the fact that the insurer has successfully defended against the injured party would be no answer to the insured. The result follows that if the injured party is permitted to sue the insurer alone in the federal court, the court cannot do final and complete justice and the controversy may be left in such a condition that its final termination may be wholly inconsistent with equity and good conscience.

Finally, if I am mistaken both as to lack of diversity jurisdiction and in my view that the insured is an indispensable party defendant, then it still seems to me that the federal court, as a matter of sound discretion, should decline to exercise jurisdiction against the insurer alone because to do so would be prejudicial to the public interest and would not show "proper regard for the rightful independence of state governments in carrying out their domestic policy." Commonwealth of Pennsylvania v. Williams, 294 U.S. 176, 185, 55 S.Ct. 380, 385, 79 L.Ed. 841; Burford v. Sun Oil Co., 319 U.S. 315, 318, 63 S.Ct. 1098, 87 L.Ed. 1424; Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293, 297, 63 S.Ct. 1070, 87 L.Ed. 1407; Meredith v. City of Winter Haven, 320 U.S. 228, 235, 64 S.Ct. 7, 88 L. Ed. 9; Alabama Public Service Commission v. Southern Ry. Co., 341 U.S. 341, 349, 350, 71 S.Ct. 762, 95 L.Ed. 1002.

I, therefore, respectfully dissent.