**EXPEDITORS INTERNATIONAL OF WASHINGTON, INC., Plaintiff,**

v.

**EXPEDITORS (JAPAN), LTD., a corporation organized and existing under the laws of the Nation of Japan, Defendant.**

No. C03–2902C.

United States District Court, W.D. Washington, at Seattle.

Oct. 7, 2004.

James R. Hermsen, Richard E. Mitchell, Dorsey & Whitney, LLP, Seattle, WA, for plaintiff.

Bruce E.H. Johnson, Kavita Amar, Davis Wright Tremaine LLP, Seattle, WA, for defendant.

## ORDER

COUGHENOUR, District Judge.

This matter comes before the Court on Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, Personal Jurisdiction, for *Forum Non Conveniens,* and for Attorneys' Fees (Dkt. No. 9). For the reasons set forth below, Defendant's motion is hereby GRANTED.

### I. *BACKGROUND*

Plaintiff Expeditors International of Washington, Inc. ("Expeditors USA") and Defendant Expeditors (Japan), Ltd. ("Expeditors Japan"), a Japanese corporation, have been engaged in negotiating Plaintiff's acquisition of Defendant since 1998. That year, the parties signed a letter of intent in which they set forth a framework for the proposed acquisition. The parties agreed that the letter of intent was non-binding, with the exception of paragraphs 1, 2, 4, 5 and 15. Paragraph 4 provided for the creation of a new company through which Plaintiff would begin operations using Defendant's licenses. (Gates Decl. Ex. B–16 ("Letter of Intent").) According to Plaintiff, at that time, the parties also agreed that Defendant would pay Plaintiff a yearly management fee that would reduce Defendant's net income and its associated tax burden.[1] (Compl. at 3).

---

1. Paragraph 4 of the letter of intent incorporated by reference Exhibit I, which illustrated the man-

ner in which the acquisition price would be calculated at the time of the acquisition. That

In 1999, in order to complete the acquisition and to facilitate the transfer of the operating licenses owned by Defendant [2], Plaintiff formed a wholly-owned subsidiary, Expeditors Japan KK ("Expeditors KK"), a Japanese corporation. Finally, in March 2001, Expeditors KK, pursuant to an asset purchase agreement, bought all of the operating assets of Defendant. The asset purchase agreement was signed by Defendant and Expeditors KK. Plaintiff was not listed as a party to the agreement.

Plaintiff brought this action for breach of contract, alleging that Defendant failed to make a payment of the yearly management fee. Expeditors KK is not presently joined in this action. Defendant has moved to dismiss this action for lack of subject matter jurisdiction and personal jurisdiction and *forum non conveniens*. As the Court finds that this action must be dismissed for lack of subject matter jurisdiction, it does not reach the issues of personal jurisdiction and *forum non conveniens*.

## II. *ANALYSIS*

Fed.R.Civ.P. 12(b)(1) provides an avenue by which a party may move to dismiss an action because of a lack of subject matter jurisdiction. Once challenged, the burden of establishing the existence of subject matter jurisdiction rests on the party asserting jurisdiction. *Thomson v. Gaskill,* 315 U.S. 442, 62 S.Ct. 673, 86 L.Ed. 951 (1942).

Defendant argues that this Court lacks subject matter jurisdiction over this action for the following reasons. First, Plaintiff Expeditors USA is not a proper party to bring this breach of contract action. Second, as a signatory to, or, alternatively, as a joint obligee under the asset purchase agreement Expeditors KK is an indispensable party in this action and, because joinder of Expeditors KK would destroy complete diversity between the parties and deprive this Court of subject matter jurisdiction over this action, this action must be dismissed pursuant to Fed.R.Civ.P. 19(b). Finally, by not joining

Expeditors KK, the only signatory to the asset purchase agreement, Plaintiff is improperly invoking diversity jurisdiction of the federal court, in violation of 28 U.S.C. § 1359.

As the party asserting jurisdiction, Plaintiff bears the burden of establishing that jurisdiction exists. *Thomson,* 315 U.S. 442, 62 S.Ct. 673. Plaintiff advances four arguments in opposition to Defendant's motion. First, Plaintiff argues that it is a "real party in interest" under Fed.R.Civ.P. 17(a) because Expeditors KK signed the asset purchase agreement as its agent, giving Plaintiff a right to sue directly for the breach of that agreement. Second, Plaintiff argues that it is a third-party beneficiary to the asset purchase agreement and may bring suit directly to enforce its terms. Third, Plaintiff contends that Expeditors KK is not an indispensable party under Fed.R.Civ.P. 19(b) because it was acting as an agent acting on behalf of a disclosed principal when it signed the asset purchase agreement. Lastly, Plaintiff argues that even if Expeditors KK were to be joined, it is a nominal party and its citizenship should not be considered for jurisdictional purposes.

Therefore, the threshold issue is whether Plaintiff is a real party in interest under Fed.R.Civ.P. 17(a) and may properly bring this suit against Defendant. If Plaintiff may bring suit, the Court must then determine whether joinder of Expeditors KK is necessary under Fed.R.Civ.P. 19.

### A. *Whether Plaintiff is a "real party in interest" under Fed.R.Civ.P. 17(a)*

Fed.R.Civ.P. 17(a) provides in pertinent part:

Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in that person's own name without joining the

---

proposed calculation provided for offsetting the acquisition price by the amount of the corporate management fee.

**2.** According to Plaintiff, under Japanese law, operating licenses can only be transferred to a Japanese corporation.

party for whose benefit the action is brought.

■ The Ninth Circuit has held that instead of providing a definition for the phrase "real party in interest," Rule 17(a) only requires that an action be brought by a person to whom "the relevant substantive law grants a cause of action." *U–Haul Int'l, Inc. v. Jartran, Inc.*, 793 F.2d 1034, 1038 (9th Cir.1986). In a federal diversity action, whether a party is a real party in interest depends on whether it is entitled to enforce the right sued upon under the applicable state law. *Am. Triticale, Inc. v. Nytco Services, Inc.*, 664 F.2d 1136, 1141 (9th Cir. 1981). In a federal diversity action, state substantive law applies to the claims and defenses raised by the parties. *Id.* (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)). Therefore, the issue is whether Plaintiff possesses a substantive right under Washington law to bring this action.

■ The complaint in this case alleges that Defendant breached a contract by failing to pay a management fee owed to Plaintiff. Plaintiff proposes two theories under which Washington law would give it this right with respect to the asset purchase agreement: 1) agency theory, which, Plaintiff argues, gives it the right to sue on a contract entered into by its agent, Expeditors KK; or 2) third-party beneficiary theory, under which Plaintiff claims it may sue as the third-party beneficiary to the asset purchase agreement signed by Defendant and Expeditors KK. It is true that in Washington, principals and third-party beneficiaries to a contract may sue directly to enforce that contract. *See Stroud v. Beck*, 49 Wash.App. 279, 742 P.2d 735, 738 (1987) (holding that a principal may bring an action on the contract of its agent), *Grand Lodge of the S.F.A. v. U.S. Fid. & Guar. Co.*, 2 Wash.2d 561, 98 P.2d 971, 975 (1940) (holding that a third party beneficiary to a contract may bring an action for breach of such contract). Therefore, both of these theories could potentially provide Plaintiff with a right to bring this action against Defendant.

However, the asset purchase agreement is not the only basis upon which this claim may rest. According to Fed.R.Civ.P. 8(a)(2) a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Such a statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Plaintiff pleads sufficient facts to support the claim that the management fee may be owed by Defendant pursuant to the binding provisions of the letter of intent signed by the parties in anticipation of the acquisition. Because the letter of intent was signed between Plaintiff and Defendant, Plaintiff has a substantive right to sue to enforce its terms, thereby making Plaintiff a real party in interest in this action under Fed.R.Civ.P. 17(a).

### B.  Necessary and Indispensable Parties

■ Defendant argues that Expeditors KK, as a signatory to the asset purchase agreement, is a necessary and indispensable party and must be joined in this action. Federal courts have jurisdiction over an action between "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). However, diversity jurisdiction does not encompass a foreign plaintiff suing foreign defendants, and even the presence of a citizen plaintiff does not salvage jurisdiction because diversity must be complete. *See Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas*, 20 F.3d 987, 991 (9th Cir. 1994) (*citing Faysound Ltd. v. United Coconut Chem., Inc.*, 878 F.2d 290, 294 (9th Cir. 1989)). A party asserting diversity jurisdiction bears the burden of proving that it exists. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir.1986). Joinder of Expeditors KK, a Japanese corporation, as a plaintiff would destroy complete diversity between the parties and deprive this Court of subject matter jurisdiction. Therefore, this Court must determine whether Expeditors KK is a necessary party under Fed.R.Civ.P. 19(a) and must be joined in this action.

■ Fed.R.Civ.P. 19 describes situations in which persons need to be joined to an action for just adjudication. As Ninth Cir-

cuit explained in *Virginia Surety Co. v. Northrop Grumman Corp.*:

> The application of Rule 19 entails a practical two-step inquiry. First, a court must determine whether an absent party should be joined as a "necessary party" under subsection (a). Second, if the court concludes that the nonparty is necessary and cannot be joined for practical or jurisdictional reasons, it must then determine under subsection (b) whether in "equity and good conscience" the action should be dismissed because the nonparty is "indispensable".

144 F.3d 1243, 1247 (9th Cir.1998).

■ A party is "necessary" to the action and must be joined if "the person claims an interest relating to the subject matter of the action and is so situated that the disposition of the action in the person's absence may ... leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." Fed.R.Civ.P. 19(a)(2)(ii). "The basic purpose of the rule ... is to protect a defendant from subsequent similar actions by one not a party to the initial action." *Pac. Coast Agric. Exp. Ass'n v. Sunkist Growers, Inc.*, 526 F.2d 1196, 1208 (9th Cir.1975).

Although the language of Rule 19 refers to the parties' rights, interests and obligations, "Rule 19 matters should be governed by practical considerations." *Lopez v. Martin Luther King, Jr. Hosp.*, 97 F.R.D. 24, 28 (C.D.Cal.1983). Citing a Ninth Circuit case, the *Lopez* court went on to explain that "[c]ommon sense and realistic appraisals should play the primary role in making Rule 19 determinations." *Id.* at 29 (citing *Eldredge v. Carpenters 46 N. Cal. Counties Joint Apprenticeship & Training Comm.*, 662 F.2d 534, 537 (9th Cir.1981)). Therefore, in addition to evaluating the Rule 19 factors, the Court will consider the practicalities of the specific facts in the instant case.

In the case at bar, Expeditors KK, as a signatory to and the recipient of the assets under the asset purchase agreement, may have an independent interest in enforcing the asset purchase agreement and possibly in any obligation to pay a management fee it may contain.[3] If Expeditors KK is not joined in Plaintiff's action seeking to enforce the agreement, nothing would prevent it from bringing another action against Defendant under the same asset purchase agreement either in a state or Japanese court, and this is precisely what Fed.R.Civ.P. 19 was intended to prevent. Therefore, the Court finds that because Expeditors KK has a sufficient interest relating to the subject matter of this action it is a necessary party and must be joined in this action pursuant to Fed.R.Civ.P. 19(a).

■ Having found that Expeditors KK is a necessary party to this action, the Court must decide whether its joinder is feasible. If joinder is not feasible, Fed.R.Civ.P. 19(b) lays out the factors a court must consider in determining whether the action may proceed without the necessary party. *Va. Sur.*, 144 F.3d at 1247. Here, joinder of Expeditors KK, a Japanese company, would destroy complete diversity between the parties and divest the Court of subject matter jurisdiction over this action. *See Nike*, 20 F.3d at 991. Since joinder under such circumstances is not feasible, the Court must decide whether "in equity and good conscience the action must proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable." Fed.R.Civ.P. 19(b).

■ There are four factors that a court must consider in order to decide whether a party is indispensable:

> first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether

---

**3.** Plaintiff argues that Expeditors KK acted solely as its agent, and therefore has no independent interest. However, as the Court explains below, Plaintiff does not adequately show that Expeditors KK's role was limited to its facilitation of the license transfers.

the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. Fed.R.Civ.P. 19(b). For the purpose of clarity, the Supreme Court characterized these factors as inquiring into: (1) the plaintiff's opportunity to proceed in an alternate forum; (2) the defendant's interest in avoiding inconsistent relief, multiple litigation; (3) the interests of the public and the courts in consistent, complete, and efficient settlement of cases, and (4) prejudice to the absent party. *Provident Tradesmens B & T Co. v. Patterson*, 390 U.S. 102, 109–11, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968). All four factors weigh in favor of finding Expeditors KK an indispensable party to this action.

■ The Ninth Circuit has held that the availability of an alternate forum and the adequacy of the judgment (i.e., risk of prejudice to the absent party) are the two most important considerations in the Rule 19 analysis. *Anrig v. Ringsby United*, 603 F.2d 1319, 1326 (9th Cir.1978) (citing *Levin v. Miss. River Corp.*, 289 F.Supp. 353 (S.D.N.Y. 1968)). Plaintiff has not established that it would not be able to seek relief in state court or in a Japanese court. Therefore, the Court finds that Plaintiff has sufficient opportunity to seek relief in an different forum. As Plaintiff could bring this suit in a different forum, one where Expeditors KK could be joined as a plaintiff, it is in the interest of judicial efficiency for Plaintiff to seek relief elsewhere.

With respect to the second factor, as explained above, Defendant could also be prejudiced by the disposition of this case in the absence of Expeditors KK because it could be subjected to the risk of incurring inconsistent obligations if Expeditors KK were to claim its interest under the asset purchase agreement in another proceeding against Defendant. More important, however, according to *Anrig*, if this action were to be decided in the absence of Expeditors KK, it could be prejudiced by a judgment affecting its rights under the asset purchase agreement, while possibly precluding it from bringing an independent action against Defendant by the doctrine of *res judicata*. *See Acton Co. v. Bachman Foods*, 668 F.2d 76, 78 (1st Cir.1982).

In addition to the four-factor analysis, extensive case law treating contracting parties as indispensable in actions to enforce these contracts supports a finding that Expeditors KK is an indispensable party. "No procedural principle is more deeply imbedded in the common law than that, in an action to set aside a lease or a contract, all parties who may be affected by the determination of the action are indispensable." *Lomayaktewa v. Hathaway*, 520 F.2d 1324, 1325 (9th Cir. 1975) (*citing Broussard v. Columbia Gulf Transmission Co.*, 398 F.2d 885 (5th Cir. 1968); *Keegan v. Humble Oil & Refining Co.*, 155 F.2d 971 (5th Cir.1946); *Tucker v. Nat. Linen Serv. Corp.*, 200 F.2d 858 (5th Cir.1953)). "[T]he precedent supports the proposition that a contracting party is a paradigm of an indispensable party." *Travelers Indem. Co. v. Household Int'l, Inc.*, 775 F.Supp. 518, 527 (D.Conn.1991). In addition, while some courts have held that joint obligors under a contract are necessary but not indispensable parties, joint obligees usually have been held to be indispensable parties and their nonjoinder has led to a dismissal of the action. 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1613 (3d ed.2001).[4]

In the case at bar, the asset purchase agreement was signed by Expeditors KK and Defendant. Even assuming that Plaintiff has a legal interest in the enforcement of this agreement, it does not affect the legal interest of Expeditors KK as a signatory and a potential joint obligee under the agreement. Expeditors KK has an independent legal right to bring a breach of contract action against Defendant under the asset purchase agreement and therefore must be joined in this action against Defendant.

Plaintiff argues that Expeditors KK is not a necessary or indispensable party in its suit against Expeditors Japan because in signing

4. For example, a parent was deemed an indispensable party in the breach of contract action brought by the subsidiary where the parent was a signatory to the agreement in question, parent and subsidiary had substantially identical interests, and adverse ruling against subsidiary would have impaired parent's probability of success in a future proceeding. *Acton Co., Inc. of Mass. v. Bachman Foods, Inc.*, 668 F.2d 76, 78–9 (1st Cir.1982).

the asset purchase agreement, Expeditors KK was acting solely as its agent. The existence of the agency relationship is a question of fact. *Pac. Can Co. v. Hewes*, 95 F.2d 42, 46 (9th Cir.1938). The burden of proving an agency relationship rests on the party asserting it. *Holst v. Fireside Realty, Inc.*, 89 Wash.App. 245, 948 P.2d 858, 863 (1997).

Both parties refer to the "plain language" of the asset purchase agreement to support their conflicting claims about the existence or nonexistence of the agency relationship. However, the agreement does not state that Expeditors KK signed it on behalf of Plaintiff, nor does it contain any indication that Expeditors KK's authority is limited in any way by its principal. This Court finds that the provisions of the asset purchase agreement do not establish that the agency relationship exists between Plaintiff and Expeditors KK.

"A familiar principle of law has been that a corporation is an entity, distinct in itself." *Pac. Can*, 95 F.2d at 45. However, where one corporation is so controlled by another that it acts not for itself but as directed by the other corporation, it may be viewed as an agent of the dominating corporation. *See id.* at 46. The fact that Expeditors KK is a wholly-owned subsidiary of Plaintiff, alone, does not establish that an agency relationship exists between the two companies. "[P]roof of organization of one corporation by another, or ownership by one corporation of all the capital stock of another, or common officers and directors, without more, is not substantial evidence as to the agency relationship." *Pac. Can*, 95 F.2d at 46. The control necessary to establish agency must be "actual, participatory, and total." *See Krivo Indus. Supply Co. v. Nat'l Distillers & Chem. Corp.*, 483 F.2d 1098, 1105 (5th Cir. 1973). If a subsidiary of the parent corporation possesses "sufficient indicia of a separate corporate existence", it can not be viewed as a mere agent of the parent and is an indispensable party under Fed.R.Civ.P. 19(b). *See Japan Petroleum Co. (Nigeria) Ltd. v. Ashland Oil, Inc.*, 456 F.Supp. at 840–41(D.Del.1978).

In an attempt to prove that Expeditors KK is its agent, Plaintiff presents the letter of intent signed by it and Defendant in 1998 to show that Expeditors KK was established solely for the purpose of acquisition of Defendant. (Gates Decl., Ex. B–15.) Evidently, Plaintiff seeks to use this fact to show that it exercised control over Expeditors KK, as required by *Pacific Can.* 95 F.2d at 46. However, this fact, without more, does not establish that after the acquisition, the newly established subsidiary would continue to act as Plaintiff's agent. The letter states only that the intent of Plaintiff was to "register a new company" and "begin operations out of this company while utilizing [Expeditors Japan]'s licenses." (Letter of Intent at 2.) This language establishes that Plaintiff contemplated setting up a Japanese branch of its company, not that this new company would be a mere shell corporation that would only enter into this agreement on Plaintiff's behalf. The letter of intent does not describe or limit in any way the authority of Expeditors KK. The facts in this case are distinguishable from the facts in *Fitz–Patrick v. Commonwealth Oil Co.* which the court found sufficient to establish that a subsidiary had acted as an agent of its parent because it had been organized solely for the purpose of carrying out the contract of assignment of the petroleum concession between the parent and the Haitian government. 285 F.2d 726 (5th Cir.1960).

In addition, there is evidence in the record that Plaintiff deliberately chose not to be a party to the asset purchase agreement, against a suggestion made by Defendant. (*See* Kato Decl. at 10, Ex. B) ("Kato e-mail") ("And [Hayama san] would like to ask you to show Expeditors International of Washington, Inc. (EIW) as the signer instead of [Expeditors KK] because EIW is a buyer. If you need [Expeditors KK] as a signer as well, he asks you to include both EIW and [Expeditors KK] as signers.") The fact that Plaintiff chose not to be a party to the agreement may also be an indication of its intention to create Expeditors KK as an independent corporate entity that would assume all obligations under the asset purchase agreement.

**668**

Given the equivocal nature of the evidence, the Court must conclude that Plaintiff has not sufficiently established that Expeditors KK was acting as its agent when it signed the asset purchase agreement. Even if Plaintiff had made the requisite showing, the existence of the agency relationship alone does not determine whether a party is necessary or indispensable. *See* Wright, *supra,* at 189–90 (discussing cases in which courts duly noted the presence or absence of an agency relationship, but then nevertheless proceeded to examine the impact on other potentially interested parties). Therefore, Plaintiff cannot escape Expeditors KK's indispensability on the grounds that it was Plaintiff's agent.

If Expeditors KK is an indispensable party, it must be joined in this action. However, joinder of Expeditors KK, a Japanese corporation, would destroy diversity jurisdiction, requiring dismissal. Plaintiff has not established that it would be unable to seek relief in an alternate forum. For this reason, the Court finds that dismissal of this action would still leave Plaintiff with an adequate opportunity to seek relief in a state court, while avoiding the possibility of jeopardizing Expeditors KK's interests. *See, e.g., Freeman v. Northwest Acceptance Corp.,* 754 F.2d 553, 560 (5th Cir.1985) ("[C]ourts have not hesitated to dismiss cases in which a non-diverse subsidiary has been found an indispensable party, especially when plaintiffs have an alternative forum in state courts."); *see also Potomac Elec. Power Co. v. Babcock & Wilcox Co.,* 54 F.R.D. 486, 492–93 (D.Md. 1972) ("Equity and good conscience would seem to require that under circumstances such as those present here, parties should present their claims in a state court rather than attempt to manipulate jurisdiction by dropping plaintiffs with a substantial interest in the claim solely for the purpose of retaining jurisdiction in the federal court.").

In accordance with the above, the Court finds that Expeditors KK is an indispensable party in this action. By failing to show that Expeditors KK is not an indispensable party in this action Plaintiff has not met its burden of establishing that diversity jurisdiction exists and this action must be dismissed for lack of subject matter jurisdiction.

### C. *Nominal parties*

The law is settled that indispensable parties cannot be nominal parties and their citizenship cannot be disregarded for the purpose of determining whether diversity jurisdiction exists. As the Court has found that Expeditors KK is an indispensable party, it cannot be a nominal party and its citizenship must be considered for the purpose of determining whether diversity jurisdiction exists.

### III. *CONCLUSION*

For the reasons stated above, this Court finds that Expeditors KK is an indispensable party under Fed.R.Civ.P. 19(b) and must be joined in this breach of contract action. Because joinder of Expeditors KK destroys complete diversity between the parties, this Court GRANTS Defendant's motion and DISMISSES this action for lack of subject matter jurisdiction. Defendant's motion for attorney fees is DENIED.